UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RUSBER GONZALEZ MENDEZ, Individually and On Behalf of All Others Similarly Situated,

                      Plaintiff,

    -against-

OLD DOMINION FREIGHT LINE, INC.,

                      Defendant.

Civil Case No.

---

## CLASS ACTION COMPLAINT

Plaintiff, RUSBER GONZALEZ MENDEZ, alleges of his own personal knowledge and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and in his representative capacity, brings this class action against Defendant, OLD DOMINION FRIEGHT LINE, INC. ("ODFL"), pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and the N.Y. Labor Law §§ 190 et seq.and 650 et seq. (the "NYLL"), to recover unpaid wages for work performed and overtime compensation including applicable liquidated damages, interest, attorneys' fees and costs.

### PARTIES

2. Plaintiff, RUSBER GONZALEZ MENDEZ, is an adult citizen and resident of Raleigh, North Carolina.

3. ODFL is a foreign business corporation created and existing under the laws of the State of Virginia and maintains its principal place of business at 500 Old Dominion Way Thomasville, North Carolina, 27360.

4. ODFL is authorized and regularly transacts business in New York, maintaining offices and facilities in Brooklyn, Queens, Long Island, Middletown, Newburgh, Albany, Buffalo, and Syracuse.

5. ODFL maintains offices at 500 Gardner Ave, Brooklyn, New York 11222.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question and the FLSA) and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and ODFL is subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

8. At all relevant times, ODFL was an enterprise engaged in interstate commerce.

9. ODFL is one of the largest North American less-than-truckload ("LTL") motor carriers, providing regional, inter-regional and national LTL services through an expansive network of service centers located throughout the continental United States.

10. As of June 2021, ODFL had more than 22,000 full time employees and operated approximately 248 service centers across the United States.

11. At all relevant times, ODFL had at least $500,000.00 in annual gross volume of sales made or business done.

12. At all relevant times, ODFL acted as the "employer" of Plaintiff and all others similarly situated, as defined by the FLSA.

13. At all relevant times, ODFL was the employer of Plaintiff and all others similarly situated, within the meaning of NYLL §§650 et. seq. and the supporting New York State Department of Labor regulations.

14. ODFL determined the terms of conditions of employment of Plaintiff and all others similarly situated, including (but not limited to) their employment status, compensation, work hours, benefits, nonexempt/exempt classification, etc.

15. At all relevant times, Plaintiff and all others similarly situated, performed non-exempt work for ODFL.

16. From 2016 through November 2019, Plaintiff operated tractors to move trailers to designated loading/unloading sites within ODFL's yard located in Brooklyn.

17. From 2015 to present, all others similarly situated operated tractors to move trailers to designated loading/unloading sites within ODFL's yards located in New York.

18. The job title and duties of Plaintiff and all others similarly situated in New York were referred to as "switchers" or "yard switchers."

19. During his employment in Brooklyn, Plaintiff did not drive trucks or move the trailers on public roads.

20. During their employment in New York, all other similarly situated switchers did not drive trucks or move the trailers on public roads.

21. During his employment in Brooklyn, Plaintiff did not load or unload trailers.

22. During their employment in New York, all other similarly situated switchers did not load or unload trailers.

23. Plaintiff regularly was required and did work more than forty (40) hours in a week.

24. All other similarly situated switchers were required and did work more than forty (40) hours in a week.

25. Plaintiff worked at least 55 hours per week.

26. In 2019, Plaintiff was paid hourly at a rate of approximately $26.60.

27. At all relevant times, Plaintiff was paid straight time (i.e., his regular hourly rates) when he worked over forty (40) hours in a week.

28. From 2015 to present, all similarly situated switchers in New York were paid straight time (i.e., their regular hourly rates) when they worked over forty (40) hours in a week.

29. From 2016 to 2019, ODFL failed to pay Plaintiff overtime compensation at 1.5 times his regular rate of pay for all workweeks in excess of 40 hours.

30. From 2015 to present, ODFL failed to pay all situated switchers in New York overtime compensation at 1.5 times their regular rate of pay for all workweeks in excess of 40 hours.

31. For example, for the work week for 01.11.19 to 01.17.19, Plaintiff was paid $ 26.60 per hour for 47.68 hours and a gross wage of $1,268.30. Plaintiff actually worked 55 hours in that workweek and was entitled to total compensation of $1.662.50 [ consisting of $ 26.60 x 40 = $1,064.00 [regular pay] plus overtime compensation of $39.90 x 15 = $ 598.50.] ODFL paid Plaintiff $394.20 less than Plaintiff earned and was entitled for that work week.

32. ODFL fabricated false time records which understated the true number of hours Plaintiff worked each week.

33. ODFL fabricated false time records which understated the true number of hours similarly situated switchers in New York worked each week.

34. ODFL failed to provide Plaintiff with meal periods, compliant with NYLL Section 162.

35. ODFL failed to provide meal periods to similarly situated switchers in New York, compliant with NYLL Section 162.

36. Under NYLL Section 162, New York employees are entitled to at least a 30-minute lunch break without exception.

37. Due to the policies and procedures implemented by ODFL, Plaintiff was regularly forced to miss lunch breaks, because he was required by ODFL to be working during that time.

38. Due to the policies and procedures implemented by ODFL, similarly situated switchers in New York were regularly forced to miss lunch breaks, because they were required by ODFL to be working during that time.

39. During the applicable statutory period, Plaintiff and similarly situated switchers in New York were required and regularly worked through meal breaks each workweek.

41. During the applicable statutory period, Plaintiff was required and regularly worked through lunch breaks and was not compensated for such time worked.

42. During the applicable statutory period, similarly, situated switchers in New York were required and regularly worked through lunch breaks and were not compensated for such time worked.

43. ODFL failed to pay Plaintiff all wages due and owing at the time of termination of his employment, as required by NYLL §191.

44. ODFL failed to pay similarly situated switchers in New York all wages due and owing at the time of termination of their employment, as required by NYLL §191.

45. A terminated employee has a right to any wages that he or she had earned prior to being fired or resigning. In New York, under N.Y. Labor Law §191, ODFL was required to pay Plaintiff all earned wages on the next scheduled payday after quitting or being fired.

46. As a result of its failure to compensate for all hours worked and all overtime compensation, ODFL failed to pay Plaintiff for all wages due and owing under the NYLL [NYLL §633].

47. As a result of its failure to compensate for all hours worked and all overtime compensation, ODFL failed to pay similarly situated switchers in New York for all wages due and owing under the NYLL [NYLL§633].

48. ODFL's widespread violations of the FLSA and NYLL state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

50. This is an appropriate collective or representative action under 29 U.S.C. §216(b), sometimes referred to as an opt-in class action. Plaintiff seeks to recover from ODFL unpaid wages, overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b).

51. Plaintiff brings this collective action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b).

52. Plaintiff and the similarly situated individuals are persons who: (1) currently work or have worked for ODFL in New York on or after the date that is three years preceding the filing of this Complaint; (2) were given job titles such as, but not limited to, "switchers" or "yard switchers"; (3) were primarily engaged in moving trailers to designated loading/unloading sites within the yard; (4) were paid on an hourly basis; (5) worked more than 40 hours in a week; and (6) were not paid time and one-half their regular hourly rates of pay for all hours worked over 40 in a week (the "Collective Class").

53. ODFL treated Plaintiff and all FLSA Plaintiffs similarly in that they:

(a) performed similar tasks and job functions; below; (b) were subject to the same laws and regulations; (c) were paid in the same or similar manner; (d) were required to work in excess of forty hours in a workweek; and (e) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty (40).

54. The Collective Class is so numerous that joinder of all members is impracticable.

55. ODFL employed approximately 45 people in New York who worked in the capacity of a "switcher" or "yard switcher."

56. There are questions of law or fact common to the Collective Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

57. The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the Collective Class.

58. The Named Plaintiff will fairly and adequately protect the interests of the Collective Class.

59. At all relevant times herein, ODFL, by its agents, servants and/or employees was and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs for all hours worked, as required by law.

60. At all relevant times herein, ODFL, by its agents, servants and/or employees was and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs overtime compensation at an amount equal to the rate of one- and one-half times their respective regular rates of pay for all hours worked each workweek above forty, as required by law.

61. ODFL intentionally and willfully refused to pay Plaintiff and all FLSA Plaintiffs for all hours worked.

62. ODFL intentionally and willfully refused to pay Plaintiff and all FLSA Plaintiffs overtime compensation for all hours worked per workweek above forty.

## CLASS ALLEGATIONS

63. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

64. Plaintiff brings this action on behalf of all other similarly situated Class members, who were and/or are affected by the actions, policies, and business practices of ODFL, as described herein.

65. In addition, and in the alternative, Plaintiff brings this action in his individual personal capacity, separate and apart from the Class claims set forth herein.

66. Class certification for these New York state law claims is appropriate under Rule 23(a) and Rule 23(b) (3) because all the requirements of the Rules are met.

67. Plaintiff seeks to represent the following Class and subclasses:

[A] All current and former "switchers" or "yard switchers"; who worked for ODFL in New York on or after the date that is six (6) years preceding the filing of this Complaint; who [1] were paid on an hourly basis; [2] worked more than 40 hours in a week; and [3] were not paid time and one-half their regular hourly rates of pay for all hours worked over 40 in a week.

[B] All current and former "switchers" or "yard switchers;" who worked for ODFL in New York on or after the date that is six (6) years preceding the filing of this Complaint; who worked through lunch breaks and were not compensated for such time worked.

[C] All current and former "switchers" or "yard switchers;" who worked for ODFL in New York on or after the date that is six (6) years preceding the filing of this Complaint, who ODFL failed to pay all wages due and owing at the time of termination of their employment, as required by NYLL §191.

68. Excluded from the proposed classes are any affiliate, parent, or subsidiary of ODFL; any entity in which ODFL has a controlling interest; any officer, director, or non-truck driver employee of ODFL; anyone employed by counsel in this action; and any judge to whom this case is assigned, his or her spouse, and members of the judge's staff.

69. Plaintiff is a member of the Class and subclasses he seeks to represent.

70. The Class is so numerous that joinder of all members is impractical. Upon information and belief, there are at least forty members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of ODFL and can be ascertained through appropriate discovery.

71. There are questions of law and fact common to the Class.

72. The named Plaintiff's claims are typical of those of the Class members. Plaintiff's claims encompass the challenged practices and course of conduct of GOALS. Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiff and to the class.

73. The named Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff's claims are not antagonistic to those of the putative Class, and he has hired competent counsel skilled in the prosecution of class actions.

74. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

75. To conduct this litigation as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties

and the court system, protects the rights of each class member and maximizes recovery to them.

## FIRST CLAIM FOR RELIEF
### (COLLECTIVE CLAIMS –FLSA VIOLATIONS)

76. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

77. ODFL violated the FLSA by failing to compensate Plaintiff and similarly situated switchers in New York for all hours worked, each work week.

78. ODFL fabricated false time records which understated the true number of hours similarly Plaintiff and similarly situated switchers in New York worked each week.

79. ODFL violated the FLSA by failing to properly compensate Plaintiff and similarly situated switchers in New York for all hours in a workweek in excess of forty (40).

80. ODFL violated the FLSA by failing to compensate Plaintiff and similarly situated switchers in New York at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

81. At all relevant times, Plaintiff and Putative Collective members had substantially similar job duties and have been uniformly subjected to ODFL's decisions, policies, plans, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to compensate them for all hours worked, including overtime.

82. ODFL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of these unlawful acts, ODFL is liable to Plaintiff and similarly situated switchers in New York, for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (CLASS CLAIMS – NYLL VIOLATIONS)

84. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

85. ODFL violated the NYLL by failing to compensate Plaintiff and Putative Class Members for all hours worked each work week.

86. ODFL fabricated false time records which understated the true number of hours similarly Plaintiff and Putative Class Members worked each week.

87. ODFL violated the NYLL by failing to properly compensate Plaintiff and Putative Class Members situated switchers in New York for all hours in a workweek in excess of forty (40).

88. ODFL violated the NYLL by failing to compensate Plaintiff and Putative Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

89. During the applicable statutory period, Plaintiff and Putative Class Members were required and regularly worked through meal breaks each workweek.

90. Plaintiff and Putative Class Members were not compensated for such time worked through meal breaks.

91. ODFL failed to pay Plaintiff and Putative Class members all wages due and owing at the time of termination of their employment as required by NYLL§ 191.

92. A terminated employee has a right to any wages that he or she had earned prior to being fired or resigning. In New York, under N.Y. Labor Law § 191, ODFL was required to pay Plaintiff and Putative Class members all earned wages on the next scheduled payday after quitting or being fired.

93. As a result of its failure to compensate for all hours worked, including full overtime compensation, ODFL failed to pay Plaintiff and Putative Class members for all wages due and owing under the NYLL [ NYLL §633].

94. At all relevant times, Plaintiff and Putative Class members had substantially similar job duties and have been uniformly subjected to ODFL's decisions, policies, plans, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to compensate them for all hours worked, including overtime.

95. ODFL'S conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

96. By reason of these unlawful acts, ODFL is liable to Plaintiff and Putative Class Members, for [a] all unpaid wages for work performed; [b]compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, [c] all unpaid wages due and owing under NYLL §633], together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

### THIRD CLAIM FOR RELIEF
### (Individual FLSA Claims)

97. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

98. By reason of the unlawful acts set forth above in paragraphs 77-83, ODFL is liable to Plaintiff for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### FOURTH CLAIM FOR RELIEF
### (Individual Claims-NYLL)

99. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

100. By reason of the unlawful acts set forth above in paragraphs 85-96, ODFL is liable to Plaintiff for [a] all unpaid wages for work performed; [b]compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, [c] all unpaid

wages due and owing under NYLL §633], together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Individually and on behalf of all others similarly situated, prays for Judgment as follows:

(a)     Certifying this case as a Rule 23 Class Action, with Plaintiff as Class representative and his attorneys, as Class counsel.

(b)     Certifying this case as an FLSA Collective Action, with Plaintiff as Collective representative and his attorneys, as Collective counsel.

(c)     Judgment for all unpaid wages for work performed to which Plaintiffs and Class Members are lawfully entitled pursuant to the NYLL.

(d)     Judgment for all unpaid wages for work performed to which Plaintiff and Class Members are lawfully entitled pursuant to the FLSA.

(e)     Judgment for all unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the FLSA.

(f)     Judgment for all unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL.

(g)     Judgment for liquidated damages pursuant to FLSA in such amounts equal to all unpaid wages for work performed and unpaid overtime compensation to which Plaintiff is lawfully entitled, but which were intentionally and wrongfully withheld by ODFL.

(h)     Judgment for liquidated damages pursuant to NYLL in such amounts equal to all unpaid wages for work performed and unpaid overtime compensation to which Plaintiff is lawfully entitled, but which were intentionally and wrongfully withheld by ODFL.

(i)     An order directing ODFL to pay Plaintiff and Class Members their reasonable attorney's fees and all costs connected with this action.

(j)     An order directing ODFL to pay prejudgment interest pursuant to NYLL.

(k)     An order directing ODFL to pay prejudgment interest pursuant to FLSA.

(l)     Such other and further relief as this Court may deem just and proper.

Dated:  September 23, 2021

                                         **BLAU LEONARD LAW GROUP, LLC**

                                         _____
                                         Steven Bennett Blau
                                         Shelly A. Leonard
                                         23 Green Street, Suite 105
                                         Huntington, New York 11743
                                         (631) 458-1010
                                         sblau@blauleonardlaw.com
                                         sleonard@blauleonardlaw.com

                                         *Attorneys for Plaintiff*