IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUSBER GONZALEZ MENDEZ,** Individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**OLD DOMINION FREIGHT LINE, INC.,**<br><br>**Defendant.** | Civil Action No. 1:21-cv-05289-RPK-TAM |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING A RULING ON ITS FORTHCOMING MOTION TO DISMISS OR, IN THE ALTERNATIVE, EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION**

Pursuant to Local Rule 7.1 and the Court's November 18, 2021 Order, Defendant Old Dominion Freight Line, Inc. ("Old Dominion") respectfully requests an order staying this matter, including all further briefing on Plaintiff's Motion For Certification of a Collective Action and Issuance of a Notice to Collective Members ("MCC") (Dkt. 12)[1], until the Court rules upon Defendant's forthcoming Motion to Dismiss the Complaint.

In the alternative, Old Dominion respectfully requests that the Court grant Old Dominion an extension of time to file its response to Plaintiff's MCC up to and through December 17, 2021, or ten days after the Court's ruling on the instant motion, whichever is later.

**ARGUMENT**

The Court has inherent power to stay proceedings pending before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision whether to stay is "firmly within a district court's discretion." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421. 427 (S.D.N.Y. 2005). In

---

[1] On November 12, 2021, the Court referred Plaintiff's MCC to Judge Merkl for further consideration.

particular, it is well within the Court's discretion to delay consideration of class certification issues pending determination of a dispositive motion. *See, e.g., Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206 (2d Cir. 1987); *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp.2d 459, 467 (S.D.N.Y. 2008) (delaying decision regarding whether to send notice under section 216(b) pending resolution of motions for summary judgment); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 647 n.2 (S.D.N.Y. 2006).

When deciding whether to grant a stay, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

The balance of the factors here weighs in favor of a stay. *Id.*

### A.     Old Dominion Will Be Significantly Prejudiced Without a Stay

Without a stay, Old Dominion will be forced to expend substantial time and resources opposing conditional certification despite the pendency of a motion that may well end this case. Opposing a motion for conditional certification requires extensive fact-investigation into the circumstances of putative class members, as well as significant time and effort when briefing the opposition. These efforts will be entirely unnecessary if Defendant's pending Motion to Dismiss is granted. As courts in this district have recognized, ruling on the merits of Plaintiff's claims before proceeding with class issues may "protect the parties from needless and costly further litigation." *In re Starbucks Emp. Grtuity Litig.*, 264 F.R.D. at 75; *see also Amendola*, 558 F. Supp. 2d at 467. Further, even if the Court dismisses Plaintiff's Complaint without prejudice and

Plaintiff files an Amended Complaint -- or if Plaintiff amends the Complaint before Defendant files its forthcoming motion -- it is likely that such amendment would moot Plaintiff's MCC, requiring him to amend that motion, also.

The prejudice to Defendant from requiring a response to conditional certification prior to a ruling on its motion to dismiss weighs heavily in favor of a stay.

### B. A Stay Will Preserve Judicial Resources

If the Court dismisses the Complaint, there will be no need for further proceedings and all efforts spent on conditional certification and notice will have been unnecessary. *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. at 75 (denying class certification motion as moot after granting defendant's motion for summary judgment); *Vengurlekar v. Silverline Tech, Ltd.*, 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (plaintiffs "[h]aving no FLSA claims of their own ... are not similarly situated to those [individuals], if any, who potentially have such claims"); *Hoffmann*, 982 F. Supp. at 253 ("The Court will address defendant's motion for judgment on the pleadings first. Obviously, if the Court deems this action ripe for dismissal, it would be futile to send class notice to other potential plaintiffs, and plaintiffs' motion would be moot."). Staying proceedings until after a ruling on Old Dominion's forthcoming Motion to Dismiss, by contrast, will preserve judicial resources from being unnecessarily expended on certification issues while a motion that will likely resolve the case is pending. *See Guillen v. Marshalls of MA. Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012) (holding that it is a "waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action . . . .")

Because any further proceedings on what may soon be a moot motion will burden the Court and waste judicial resources, this factor also weighs heavily in favor of a stay.

3

### C. Plaintiff Will Not Be Prejudiced By a Stay

Plaintiff will not be prejudiced by a stay of proceedings because he is not an appropriate class representative; he worked as a Dockworker, not a "Switcher," and cannot represent the collective he has identified.[2] As a Dockworker, Plaintiff performed the duties of a loader, and is exempt from the FLSA's overtime provisions pursuant to the Motor Carrier Act Exemption ("MCE").  *See, e.g., Gutierrez Chacon v. P & S Select Foods, Inc*., 2019 WL 6170423 (S.D.N.Y. Nov. 19, 2019) (MCE applied to loaders and plaintiff's FLSA claims failed). He cannot suffer prejudice from pausing proceedings in which he cannot participate in the first place.

This factor weighs in favor of a stay.

### D. Persons Not Yet Party to This Litigation Would Benefit From a Stay

Even potential opt-in plaintiffs would benefit from a stay. A stay would avoid the possibility of a confusing process whereby class members are notified that the litigation has been conditionally certified, asked to submit opt-in forms, and then later notified that the case has been dismissed and their time wasted. Putative class members will also benefit from a stay because it will prevent the potentially unnecessary disclosure of their personal information, including e-mail addresses, home addresses, and cell phone numbers, to Plaintiff's counsel.

This factor counsels staying this case.

### E. A Stay Will Not Harm the Public Interest

A stay here does not implicate the public interest.  This factor is neutral.

---

[2] The "Switchers" he seeks to represent are also exempt. While they moved trucks from the loading dock to a staging area and back, the Switchers also regularly performed loading duties and are properly classified as exempt on that basis. Any prejudice argument Plaintiff pursues on their behalf thus also fails.

## CONCLUSION

A stay prevents unnecessary waste, prejudices no one, and preserves this Court's resources. This motion should be granted and these proceedings stayed until Old Dominion's forthcoming Motion to Dismiss is heard and ruled upon.

In the alternative, Old Dominion respectfully requests that the Court extend the time to respond to Plaintiff's MCC until December 17, 2021, or ten days after the Court's ruling on this motion to stay, whichever is later.

Date: November 19, 2021                    Respectfully submitted,

                                                                         SEYFARTH SHAW LLP

                                                                         By /s/ *Brett C. Bartlett*
                                                                              Brett C. Bartlett
                                                                              SEYFARTH SHAW LLP
                                                                              1075 Peachtree St. NE, Suite 2500
                                                                              Atlanta, Georgia 30309-3958
                                                                              Telephone: (404) 885-1500
                                                                              bbartlett@seyfarth.com

                                                                              *Attorney for Defendant*
                                                                              *Old Dominion Freight Line, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2021 I electronically filed the foregoing DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING A RULING ON ITS FORTHCOMING MOTION TO DISMISS OR, IN THE ALTERNATIVE, EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

                                                             */s/ Brett C. Bartlett*
                                                             Brett C. Bartlett