**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RUSBER GONZALEZ MENDEZ, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**OLD DOMINION FREIGHT LINE, INC.,**<br><br>**Defendant.** | **Civil Action No. 1:21-cv-05289-RPK-TAM** |

**DEFENDANTS MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD ON A MOTION TO DISMISS ..... 4

IV. LEGAL ARGUMENT ..... 4

A. This Case is not Appropriate for Class or Collective Treatment ..... 4

B. Plaintiff's Individual FLSA Claim Fails Because he was Exempt from Overtime Under the MCE ..... 5

1. Old Dominion is a Motor Carrier Subject to the DOT's Jurisdiction ..... 6

2. Plaintiff's Loading Duties Qualify as Safety Affecting Activities ..... 6

C. Plaintiff's NYLL Wage Claim Fails ..... 7

D. Plaintiff's Meal Break Claim Fails ..... 10

E. Plaintiff' s Termination Wage Claim Fails ..... 10

V. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adrian Rowe v. Old Dominion*,
NO. 7:21-cv-4021 ....................1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007)....................4

*Berger v. NYS Office for People with Developmental Disabilities*,
2016 WL 11265988 (N.D.N.Y. Nov. 8, 2016) ....................11

*Cortec Indus. Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)....................4

*Diaz v. Electronics Boutique of America, Inc.*,
2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) ....................5

*Gutierrez Chacon v. P & S Select Foods, Inc.*,
2019 WL 6170423 (S.D.N.Y. Nov. 19, 2019)....................7

*Hayward v. IBI Armored Servs., Inc.*,
954 F.3d 573 (2d Cir. 2020)....................8, 9

*Heredia v. Americare, Inc.*,
2018 WL 2332068 (S.D.N.Y. May 23, 2018) ....................5

*Hill v. City of New York*,
136 F. Supp. 3d 304 (E.D.N.Y. 2015) ....................10

*Khan v. IBI Armored Services, Inc.*,
474 F. Supp. 2d 448 (E.D.N.Y. 2007) ....................6

*Marcus v. AXA Advisors¸LLC*,
307 F.R.D. 83 (E.D.N.Y. 2015)....................5

*Murray v. City of New York, New York*,
2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017)....................5

*Romero v. Flaum Appetizing Corp.*,
No. 07 CIV. 7222 BSJ JCF, 2011 WL 812157 (S.D.N.Y. Mar. 1, 2011) ....................4

*Salahuddin v. Craver*,
163 A.D.3d 1508 (N.Y. App. Div. 2018) .....10

*Samuel Bowens*, *et al v. Old Dominion Freight Line*,
No. 7:21-cv-08040 .....1, 11

*Sosnowy v. A. Perri Farms, Inc.*,
764 F. Supp. 1d 457, 475 (E.D.N.Y. 2011) .....4, 11

*Tang v. Wing Keung Enters., Inc.*,
No. 14 CV 390 (JBW)(LB), 2016 WL 6110454 (E.D.N.Y. July 11, 2016) .....5, 6, 7

**Statutes**

29 U.S.C. § 213(b) .....2, 5

49 U.S.C. § 31502(b) .....6

Fair Labor Standards Act .....1, 2, 5, 7, 8

Motor Carrier Act .....2, 6, 7, 8

New York Labor Law .....1, 2, 3

**Other Authorities**

12 N.Y.C.R.R. § 142-2.2 .....8

Fed. R. Civ. P. 12(b)(6).....1

Local Rule 7.1 .....1

Defendant Old Dominion Freight Line, Inc. moves under Local Rule 7.1 and Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Rusber Gonzalez Mendez's Complaint in its entirety.

## I. INTRODUCTION

Despite working for Defendant as a Dockworker from 2015 through 2019 at its Brooklyn, New York Service Center only, Plaintiff seeks to represent a collective and class of all Switchers across Defendant's eight New York facilities when litigating claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and state law claims for failure to provide meal breaks and timely pay on termination. All of these claims are meritless.[1]

Plaintiff's attempt to pursue claims on an aggregate basis fails because he repeatedly acknowledges that exemption analyses require a fact-intensive analysis antithetical to collective and class action treatment. (Dkt. 17.) Regardless, Plaintiff worked as a Dockworker, not a Switcher, and thus cannot represent the collective class he proposes.

---

[1] To avoid the unnecessary trouble and expense of defending these baseless allegations, Defendant produced Plaintiff's time records to his counsel by letter dated October 25, 2021 and requested that Plaintiff voluntarily dismiss the Complaint because all of its claims fail as a matter of law. *See* October 25, 2021 Letter from Defendant's Counsel to Plaintiff's Counsel, attached as Exhibit A. Plaintiff did not do so.

That same pattern played out in two other almost identical cases Plaintiff's counsel has filed in the Southern District of New York—*Adrian Rowe v. Old Dominion*, NO. 7:21-cv-4021 (filed May 5, 2021) and *Samuel Bowens*, *et al v. Old Dominion Freight Line*, No. 7:21-cv-08040 (filed May 13, 2021)—that allege many of the same flawed claims (unpaid overtime, meal break, and termination pay) present here for a different set of Old Dominion employees. As it has here, Old Dominion informed Plaintiff's counsel that NYLL § 162 does not provide a private right of action. Old Dominion also provided time and pay records to Plaintiff's counsel to demonstrate that the overtime and termination pay claims fail. Despite extensive notice of the suits' meritless claims, Plaintiff's counsel, just as he has here, refuses to voluntarily dismiss.

Plaintiff's individual claims also fail. His FLSA overtime claim fails because Plaintiff qualified as exempt under the Motor Carrier Act exemption ("MCE"). 29 U.S.C. § 213(b). Whatever Plaintiff's job title, whether Switcher or Dockworker, Plaintiff regularly performed the duties of a loader, which triggers the MCE. DOL Fact Sheet #19.

Plaintiff's state law overtime claim fails because his time and pay records—which this Court can properly consider at the motion to dismiss stage—prove that he was paid at least 1.5 times the New York minimum wage throughout the statutory period, in conformance with the NYLL. Even taking Plaintiff's implausible claim that he worked at least 15 hours per week off-the-clock at face value, this claim still fails because Old Dominion paid him so handsomely that he would have had to work 30 to 40 uncompensated hours per week to state a viable claim (which he did not plead).

Plaintiff's missed meal breaks claim likewise falters because NYLL § 162 lacks a private right of action. And his termination pay claim cannot proceed because he received all wages due and owing on the regular pay date for the pay period following his separation from Old Dominion.

Because all of Plaintiff's claims fail as a matter of law, Old Dominion's motion should be granted and this case dismissed with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff worked as a Dockworker for Old Dominion from 2015 through November 2019 at Old Dominion's Brooklyn, New York Service Center. (Dkt 1, ¶ 16.) Plaintiff claims, however, that he worked as a Switcher or Yard Switcher, performing non-exempt work for Old Dominion. (*Id.* at ¶ 18.) Despite having only worked at one of the eight Old Dominion Service Centers in New York, Plaintiff seeks to represent all Switchers or Yard Switchers in the state in a class and collective action. (*Id.*) He alleges that he and all other New York Switchers "did not load or unload trailers" while employed with Old Dominion. (*Id.* at ¶¶ 20-21.) Plaintiff further alleges that he and

the putative collective class 1) were regularly required to work over forty hours a week and 2) worked through lunch breaks, in violation of NYLL § 162. (*Id.*at ¶¶ 24-25, 27-28, 34-35.)

Although Plaintiff claims to be a Switcher, he was actually employed by Old Dominion as a Dockworker. Ex. A. In fact, at the start of his employment, Plaintiff was trained on forklift operation, as well as load and safety distribution, safe traveling with a load, and truck loading and unloading. *See* Ex. A. Plaintiff received this training, because, as a Dockworker, he was required to perform loading duties on a regular, if not daily, basis. *Id.* Plaintiff's personnel file reveals that he regularly received both commendation and criticism for his work loading and unloading items onto the trailer. *Id.*

Despite pleading in the Complaint that he did not load or unload trailers, Plaintiff now concedes in his sworn Declaration that he 1) "would assist dock workers in loading/unloading trailers"; and 2) "operate[d] a forklift . . in loading heavy pieces of freight in the vehicle or deposit pieces of freight in the vehicle for someone else to distribute and secure in place or arrange pieces of freight in the vehicle pursuant to instructions given by dock workers in each instance." (Dkt. 13-1.)

Throughout the entire statutory period, Plaintiff was paid well in excess of 1.5 times the New York minimum wage. For ease of reference, the below chart compares Plaintiff's hourly rate against the New York minimum wage rate:

| **Year** | **Minimum Wage** | **Plaintiff's Hourly Rate** |
|---|---|---|
| September 2015 | $11.00 | $17.00 |
| 2016 | $11.00 | $22.90 |
| 2017 | $13.00 | $24.70 |
| 2018 | $15.00 | $25.75 |
| 2019 | $15.00 | $26.60 |

*See* Exhibit A. Plaintiff's counsel was provided these records months ago. *Id.*

## III. LEGAL STANDARD ON A MOTION TO DISMISS

Complaints must contain sufficient facts, which, if accepted as true, state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not require detailed factual allegations, "a plaintiff's obligation to provide the grounds for the entitle[ment] to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)(citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are not more than conclusions . . . are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678-89. When evaluating the credibility of a plaintiff's claim, "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In assessing the sufficiency of a claim, courts may consider documents upon which a Complaint necessarily relies, "particularly where [a] plaintiff has been put on notice" of the documents by the defendant prior to the filing of the motion, as is the case here. *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 28 (2d Cir. 1991); *Sosnowy v. A. Perri Farms, Inc.,* 764 F. Supp. 1d 457, 475 (E.D.N.Y. 2011) (finding that rate of pay is "integral" to a NYLL spread of hours claim and granting a motion to dismiss that attached plaintiff's W2s). Where, as here, a complaint's allegations and the properly considerable evidence fall short of plausibly stating a claim, dismissal is warranted. *Sosnowy,* 764 F. Supp. 2d at 475.

## IV. LEGAL ARGUMENT

### A. This Case is not Appropriate for Class or Collective Treatment

Plaintiff readily acknowledges that whether a particular employee was properly classified as exempt from overtime "requires a fact intensive analysis." *Romero v. Flaum Appetizing Corp.*, No. 07 CIV. 7222 BSJ JCF, 2011 WL 812157, at *3 (S.D.N.Y. Mar. 1, 2011). The same holds true

for off-the-clock claims. *See Diaz v. Electronics Boutique of America, Inc.*, 2005 WL 2654270 at *5(W.D.N.Y. Oct. 17, 2005) ("off-the-clock" work and falsification of time record claims are too individualized for class actions). Such causes of action are not appropriate for class or collective treatment because they cannot be resolved in the aggregate. *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 96 (E.D.N.Y. 2015) (what matters "is not the raising of common questions . . . but, rather the capacity of a class wide proceeding to generate common answers."). Rather, the Court would be forced to conduct fact-intensive, individualized analyses of the job duties and working hours of each collective class member. *See Heredia v. Americare, Inc.*, 2018 WL 2332068 (S.D.N.Y. May 23, 2018) (denying class certification because the overtime claims and "potpourri" of wage and hour claims necessitated individualized assessments). This case, in other words, is not an appropriate vehicle for class and collective treatment. *Murray v. City of New York, New York*, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) (denying conditional certification where the tasks and work hours vary between the defendant's facilities and individual employees).

### B. Plaintiff's Individual FLSA Claim Fails Because he was Exempt from Overtime Under the MCE

Under the MCE, employees "with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" are exempt from the FLSA. 29 U.S.C. § 213(b)(1). Courts across this Circuit have found that the MCE applies to any employee who is (1) employed by an employer subject to the jurisdiction of the Secretary of Transportation; and (2) engaged in activities that directly affect the safe operation of motor vehicles on public highways of property engaged in interstate commerce. *Tang v. Wing Keung Enters., Inc.*, No. 14 CV 390 (JBW)(LB), 2016 WL 6110454, at *3 (E.D.N.Y. July 11, 2016), *report and recommendation adopted*, 210 F. Supp. 3d 376 (E.D.N.Y. 2016).

Plaintiff concedes in his own Declaration—as well as in his letter opposing Defendant's Motion to Dismiss and in his Motion for Conditional Certification—that he loaded and unloaded trailers when working for Old Dominion. Whether he "exercise[d] judgment" when doing so makes no difference; the fact that Plaintiff performed loading duties exempts him from the FLSA's overtime requirements under the MCE, and this claim must be dismissed.[2] *Tang*, 2016 WL 6110454, at *3.

**1. Old Dominion is a Motor Carrier Subject to the DOT's Jurisdiction**

Under the Motor Carrier Act ("MCA"), the Secretary has jurisdiction over "motor carriers" and "motor private carriers." 49 U.S.C. § 31502(b). A "motor carrier" is "a person providing motor vehicle transportation for compensation." *See id.* at § 13102(14). A "motor vehicle" is a "vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation, or a combination determined by the Secretary [of Transportation]." *Id.* at § 13102(16). A "highway" means "a road, highway, street, and way in a State." *Id.* at § 13102(9).

In the Complaint, Plaintiff acknowledges that Old Dominion is a "motor carrier[] providing regional, inter-regional and national" trucking services throughout the continental United States. (Dkt. 1, ¶ 9.) As such, Old Dominion satisfies the first prong of the MCE. *Tang*, 2016 WL 6110454, at *3.

**2. Plaintiff's Loading Duties Qualify as Safety Affecting Activities**

Courts in this Circuit have repeatedly held that "the loading or rearrangement of cargo on a truck is obviously related to the safe operation of that vehicle on a highway." *Tang*, 2016 WL 6110454, at *3 (quoting *Khan v. IBI Armored Services, Inc.*, 474 F. Supp. 2d 448, 459 (E.D.N.Y.

[2] If there was any doubt about the viability of Plaintiff's class and collective claims, his loading admissions coupled with his concession that all "[s]imilarly situated Switchers" also loaded and unloaded freight doom his attempt to proceed in the aggregate. Dkt. 13, p. 4.

2007)); *see also* DOL Fact Sheet #19 (the MCE applies squarely to workers who perform loading duties). For that reason, "employees who actually load [the vehicles] fall within the Motor Carrier Exemption." *Tang*, 2016 WL 6110454, at *3. "**This would include employees who load the trucks but do not exercise discretion about where to place the items.**" *Tang*, 2016 WL 6110454, at *3 (emphasis added).

Plaintiff is not immune from this authority. Plaintiff concedes that he (and members of the putative collective class) performed loading duties when working for Old Dominion.[3] In his sworn Declaration, Plaintiff affirms that he performed loading duties when working for Old Dominion (*see* Dkt. 13-1, ¶ 5), then confirms the same in several other pleadings (*see* Dkt. 13, p. 4; Dkt. 17, p. 2). These undisputed loading duties constitute safety-affecting activity within the meaning of the Motor Carrier Act. Plaintiff thus qualified as exempt under the MCE, and his FLSA overtime claim necessarily fails. *See, e.g., Gutierrez Chacon v. P & S Select Foods, Inc.*, 2019 WL 6170423 (S.D.N.Y. Nov. 19, 2019) (dismissing FLSA overtime claim because MCE applied to loaders).

### C. Plaintiff's NYLL Wage Claim Fails

Plaintiff's minimum wage claim under the NYLL also fails because he made significantly more than 1.5 times the New York minimum wage for all hours worked over 40 in a workweek, as required by the NYLL.

---

[3] Plaintiff's loading duties are further evidenced by the fact that he was repeatedly disciplined for making mistakes *when loading*. For example, on January 2, 2015, Plaintiff received a corrective action for failing to load a package onto a trailer. *See* Exhibit B. And on October 31, 2017, Plaintiff hit and punctured the roof of a trailer with his forklift mast when loading tires. *See* Exhibit C. When interviewed about this accident later, Plaintiff acknowledged that he was "filling the truck with tires" [*sic*]. *See* Exhibit D. Plaintiff signed all three of these forms.

In New York, employers must pay employees who are exempt from overtime under the MCA "at a wage rate of one and one-half times the basic minimum hourly rate" for hours above 40 worked in a given week. 12 N.Y.C.R.R. § 142-2.2.

The Second Circuit's decision in *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573 (2d Cir. 2020) is directly on point. In *Hayward*, the court held that employees exempt under the FLSA's Motor Carrier Act exemption must be paid at least 1.5 times New York's "minimum wage." *Id*. at 575. The NYLL, noted the court, "adopts the Motor Carrier Exemption and prevents [covered employees] from receiving overtime compensation at a rate of one and one-half times their regular wage." *Id*. Equally clear, however, is that "employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one and one-half times the minimum wage." *Id.* at 575-76. In sum, MCA-exempt employees such as Plaintiff must be paid at least 1.5 times the minimum wage for each hour worked above 40 in a given week.

*Hayward* also explains how those two NYLL rules—(1) MCA-exempt employees do not receive one and one half times their regular rate of pay for hours worked above forty in a week, and (2) MCA-exempt employees are entitled to one and one half times the minimum wage for those hours—operate in practice. In that case, the plaintiff was paid $11.00 per hour in 2014 and $12.00 per hour in 2015 for all hours worked. *Id*. At all times, his pay exceeded the minimum wage (New York's Minimum wage in 2015 was a maximum of $11.00 per hour). *Id*. Hayward had viable NYLL overtime claims because those rates of pay when applied to overtime hours fell below one and a half times the minimum wage; i.e., his rate in 2014 was less than $16.50 (which is $11.00 x 1.5); his rate in 2015 was less than $18.00 (which is $12.00 x 1.5). *Id.* at 576.

In contrast, throughout the statutory period, Plaintiff's regular rate of pay far exceeded one and one half times the New York minimum wage. (Dkt. 16-1.) In September 2015, for example, the New York minimum wage was $11.00 per hour. The NYLL thus required that Plaintiff receive at least $16.50 for hours worked above 40 in a given week. *Hayward*, 954 F.3d at 576. At that time, Plaintiff was paid 17.00 per hour. His wages increased every year, and by 2019, when the New York minimum wage was $15.00 per hour, Plaintiff's pay rate had risen to $26.60 per hour, significantly more than the $22.50 overtime rate the NYLL requires. (Dkt 16-1 at pp. 2, 366).

Although Plaintiff has no factual basis for alleging he worked hours for which he was not paid (or that Old Dominion falsified time records), even if he had it would require an inordinate number of unpaid hours to reduce his overtime compensation below that mandated by the NYLL. Take 2015 and 2016, when the minimum wage was $11.00 per hour, as an example. Under *Hayward* and the NYLL, for a 55 hour work week—the threshold alleged in the Complaint—an MCA-exempt employee would need to earn at least $689.00, which includes time and a half of minimum wage for hours above 40.

Plaintiff's payroll records, by contrast, establish that for every week that he worked at least 40 hours in 2016, Old Dominion paid him substantially more than that. For the week of June 23, 2016 to June 30, 2016, for example, Plaintiff earned $1,310.17 for 55.99 hours worked. *See* Exhibit E. He would have needed to work more than 80 total hours that week—with more than 40 of them being unrecorded and uncompensated—to even have a plausible claim under the NYLL. Further such examples abound:

- For the week of December 8, 2017 to December 14, 2017, Plaintiff earned $1,285.18 for 49.91 hours worked. For this claim to survive, Plaintiff would have had to work at least 66 hours, with 17 uncompensated. *See* Exhibit F.

- For the week of February 23, 2018 to March 1, 2018, Plaintiff earned $1,813.73 for 54.97 of hours worked. For this claim to survive, Plaintiff would have had to work at least 81 hours, with 26 uncompensated. *See* Exhibit G.
- For the week of January 4, 2019 to January 10, 2019, Plaintiff earned $1,318.30 for 49.56 of hours worked. For this claim to survive, Plaintiff would have had to work at least 58 hours, with ten uncompensated. *See* Exhibit H.

Without belaboring the point, even taking as true Plaintiff's fanciful allegation that he worked 55 hours per week, (with 15 of those hours "off the clock"), his compensation satisfied New York law.

Ultimately, a plaintiff must state a claim for relief "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009). Given Plaintiff's pay records—which Plaintiff's counsel has been able to review for two months now—definitively demonstrate that he was paid in conformance with the law, his NYLL overtime claim falls short and should be dismissed.

**D. Plaintiff's Meal Break Claim Fails**

Plaintiff's meal break claim rests on NYLL § 162, which requires that "[e]very person employed for a period or shift starting before eleven o'clock in the morning and continuing later than seven o'clock in the evening shall be allowed an additional meal period of at least twenty minutes between five and seven o'clock in the evening." The claim fails, however, because that provision contains "no private right of action." *See, e.g.*, *Salahuddin v. Craver*, 163 A.D.3d 1508, 1509 (N.Y. App. Div. 2018)(holding that "no private right of action" exists to enforce § 162(2) and that the trial court "therefore erred in refusing to dismiss the § 162(2) counterclaims"); *Hill v. City of New York*, 136 F. Supp. 3d 304, 350-51 (E.D.N.Y. 2015) ("This claim fails as a matter of law because there is no private right of action to enforce under § 162.").

**E. Plaintiff' s Termination Wage Claim Fails**

Plaintiff's claim that Old Dominion failed to pay all wages due at the time of resignation or termination also falls short because his pay records confirm that he was paid all termination

wages on the pay date for the pay period following his termination (which was two days after he was laid off), as the law requires.

NYLL § 191(3) provides that an employee's termination triggers an obligation to pay wages due on the next regular pay date. *See, e.g.*, *Sosnowy*, 764 F. Supp. 2d at 476 (E.D.N.Y. 2011); *see also Berger v. NYS Office for People with Developmental Disabilities*, 2016 WL 11265988 at *8 (N.D.N.Y. Nov. 8, 2016). Plaintiff was laid off effective April 16, 2019. (Dkt. 16.) As his pay records evidence, he was paid $1,195.13 for 45.79 hours worked on April 18, 2019—the next regular pay day. *See* Exhibit I. Plaintiff's claim for termination wages thus fails.

## V. CONCLUSION

For these reasons, all of Plaintiff's claims fail as a matter of law and should be dismissed with prejudice.

Date: December 17, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: *<u>/s/ Brett C. Bartlett</u>*
Brett C. Bartlett
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
bbartlett@seyfarth.com

*Attorney for Defendant*
*Old Dominion Freight Line, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on December 17, 2021, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS was served on all counsel of record, in conformance with the Court's November 18, 2021 Order and the Court's Individual Preferences.

*/s/ Brett C. Bartlett*
Brett C. Bartlett
*Counsel for Defendant*