IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RUSBER GONZALEZ MENDEZ,** Individually and on behalf of all others similarly situated,<br><br>      **Plaintiff,**<br><br>v.<br><br>**OLD DOMINION FREIGHT LINE, INC.,**<br><br>      **Defendant.** | Civil Action No. 1:21-cv-05289-RPK-TAM |

# DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

79367462v.5

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................. 1

II.    ARGUMENT ....................................................................................................................... 2

    A.    Plaintiff Was Properly Classified As Exempt Under The MCE ............................. 2

        1.    Plaintiff loaded and unloaded trailers as part of his regular job duties ................................................................................................................ 2

        2.    Plaintiff regularly moved freight bound in the continuous stream of interstate commerce ........................................................................... 3

        3.    Plaintiff never loaded small vehicles ........................................................... 5

    B.    Plaintiff's Service As Class Representative And His Class And Collective Claims Themselves Are Foreclosed By His Pleadings ............................................ 5

    C.    Plaintiff's Overtime Claim Under The NYLL Fails ............................................... 7

    D.    Plaintiff Has Abandoned His Remaining Claims ..................................................... 8

    E.    Plaintiff's Motion To Amend Should Be Denied As Futile .................................. 9

III.    CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Black Lives Matter v. Town of Clarkstown*,
  354 F. Supp. 3d 313 (S.D.N.Y. 2018) ..........................................................................9

*Burlaka v. Contract Transp. Servs. LLC*,
  971 F.3d 718 (7th Cir. 2020), *cert. denied*, No. 20-712, 2021 WL 78494 (U.S.
  Jan. 11, 2021) ............................................................................................................3, 4

*Campo v. Granite Servs. Int'l, Inc.*,
  No. 1:21-CV-223-AT, 2022 WL 210455 (N.D. Ga. Jan. 21, 2022) ..........................5

*Chaohui Tang v. Wing Keung Enterprises, Inc.*,
  210 F. Supp. 3d 376 (E.D.N.Y. 2016) (Weinstein, J.) .............................................3, 5

*Chauhan v. MM Hotel Mgmt. LLC*,
  2019 WL 6118006 (E.D.N.Y. Nov. 18, 2019) (Hurley, J.) ........................................8

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) ........................................................................................10

*Dauphin v. Chestnut Ridge Transp.*,
  No. 06 CIV.2730 (SHS), 2009 WL 2596636 (S.D.N.Y. Aug. 20, 2009) ...........5, 6, 7, 10

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
  282 F.3d 83 (2d Cir. 2002) ..........................................................................................9

*Edwards v. Jet Blue Airways Corp.*,
  21 Misc. 3d 1107(A), 873 N.Y.S.2d 233 (Sup. Ct. 2008) .......................................7, 8

*Encino Motor Cars, LLC v. Navarro*,
  138 S. Ct. 1134 (2018) ..................................................................................................2

*Foman v. Davis*,
  371 U.S. 178 (1962) .....................................................................................................9

*Gutierrez Chacon v. P & S Select Foods, Inc.*,
  2019 WL 6170423 (S.D.N.Y. Nov. 19, 2019) .........................................................2, 3

*Hayward v. IBI Armored Servs., Inc.*,
  954 F.3d 573 (2d Cir. 2020) .....................................................................................7, 8

*Helwing v. City of New York*,
  18-CV-3764, 2021 WL 781794 (E.D.N.Y. Mar. 1, 2021) ........................................5

ii

*Heredia v. Americare, Inc.*,
  2018 WL 2332068 (S.D.N.Y. May 23, 2018) ...................................................................7

*Khan v. IBI Armored Servs., Inc.*,
  474 F. Supp. 2d 448 (E.D.N.Y. 2007) .............................................................................2

*Marzec v. DeBuono*,
  95 N.Y.2d 262, 739 N.E.2d 742 (2000) ..........................................................................8

*Murray v. City of New York, New York*,
  2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) .................................................................6

*Ross v. Port Chester Housing Authority*,
  2019 WL 4738941 (S.D.N.Y., Sept. 27, 2019) ................................................................8

*Rowe v. Old Dominion Freight Lines, Inc.*,
  No. 7:21-cv-4021 (filed May 5, 2021) ....................................................................4, 5, 8

*Ruffolo v. Oppenheimer & Co.*,
  987 F.2d 129 (2d Cir. 1993) ............................................................................................9

*Tocker v. Philip Morris Cos.*,
  470 F.3d 481 (2d Cir. 2006) ............................................................................................9

*Wilkov v. Ameriprise Fin. Servs., Inc.*,
  753 F. App'x 44 (2d Cir. 2018) .......................................................................................9

**Statutes**

Fair Labor Standards Act ......................................................................................... 1, 3, 7, 8

Motor Carrier Act ...............................................................................................................1

New York Labor Law ................................................................................................ 1, 7, 8

NYLL § 162 .........................................................................................................................8

NYLL § 191 .....................................................................................................................7, 8

NYLL § 191(3) ....................................................................................................................8

**Other Authorities**

29 C.F.R. § 782.2(b) ............................................................................................................3

12 N.Y.C.R.R. § 142-2.2 .....................................................................................................8

Federal Rules of Civil Procedure Rule 15(a)(2) .................................................................9

Rule 12(b)(6)......................................................................................................................9

79367462v.5

I.      INTRODUCTION

Plaintiff's motion to dismiss opposition relies on irrelevant authority interpreted incorrectly, along with a smattering of irrelevant factual allegations, none of which salvage his wage and hour claims.

Plaintiff's Fair Labor Standards Act ("FLSA") overtime claim fails because Old Dominion properly classified him as exempt under the Motor Carrier Act exemption ("MCE") for the FLSA. Plaintiff's repeated concessions that he loaded and unloaded trailers confirm that failure. Regardless, the MCE also covers Plaintiff because he was subject to be called on to move freight bound in interstate commerce every day of his employment.[1]

Plaintiff's "light weight vehicles" protestation can't save his claims because it is simply not accurate. Every vehicle he either drove or loaded when working at Old Dominion's Brooklyn Service Center weighed well in excess of 10,000 pounds (and the majority of them weighed more than 30,000 pounds).

Plaintiff only defends his overtime claim under the New York Labor Law ("NYLL") by pointing to overturned case law, which is of no help. Moreover, Plaintiff acknowledges he was paid at least 1.5 times the New York minimum wage for all hours worked, as the law requires.

Plaintiff's claims for unpaid meal breaks and untimely termination pay, meanwhile, fail not only for the reasons Old Dominion explained in its motion, but also because Plaintiff's opposition abandoned them.

---

[1] Given that Plaintiff was properly classified as exempt, he cannot represent a putative collective or class. Class or collective treatment also is improper because, as Plaintiff repeatedly acknowledges, the MCE requires a fact-intensive analysis.

Finally, Plaintiff's request for leave to amend the Complaint should be denied as futile; the inconsequential factual allegations he seeks to add to the Complaint do not salvage any of his claims.

## II. ARGUMENT

### A. Plaintiff Was Properly Classified As Exempt Under The MCE

#### 1. *Plaintiff loaded and unloaded trailers as part of his regular job duties*

Plaintiff concedes that he loaded and unloaded trailers when working for Old Dominion. (*See* Dkt. 13-1; Opposition Brief, p. 3). That alone satisfies the MCE. *See, e.g.*, U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet # 19, at *2 (2009) (the MCE applies to workers who perform loading duties).

Plaintiff seeks to overcome that irresistible conclusion by arguing that the MCE does not apply to him because he was "merely furnishing physical assistance" when loading, and was "not affecting transportation safety" within the meaning of the exemption. Opposition Brief, p. 15. Plaintiff's semantics miss the point. The MCE applies whenever an employee places freight into a truck. *See Gutierrez Chacon,* 2019 WL 6170423, at *5 (applying MCE to dismiss overtime claims despite the absence of "judgment or discretion" when placing freight in trucks because placing freight alone triggers the exemption). Indeed, "it is obvious to the point of almost being susceptible of proof by judicial notice [that] the loading or rearrangement of cargo on a truck is obviously related to the safe operation of that vehicle on a highway." *Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448, 457 (E.D.N.Y. 2007).[2] Given Plaintiff's repeated admissions that he

---

[2] Plaintiff insists that exemptions like the MCE are to be construed "narrowly." Opposition Brief, p. 16. Not so; the Supreme Court held three years ago that exemptions must receive a "fair reading," not a narrow construction *See Encino Motor Cars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

2

loaded and unloaded freight when working for Old Dominion, the MCE indisputably applies irrespective of whether he exercised "judgment or discretion." His FLSA overtime claim thus fails. *Chaohui Tang v. Wing Keung Enterprises, Inc.*, 210 F. Supp. 3d 376, 403 (E.D.N.Y. 2016) (Weinstein, J.) ("an employee who actually performs the loading and unloading of the goods on the truck, even if at someone else's direction, performs a 'safety-affecting activity'").

Plaintiff's *de minimis* argument cannot salvage his claim. Where an employee's job duties are such that he is subject to be called upon to perform, "either regularly or **from time to time**, safety-affecting activities" such as loading, "he comes within the [MCE] in all workweeks when he is employed at such job." 29 C.F.R. § 782.2(b) (emphasis added). This "rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting safety of operation." *Id.* (internal quotations omitted). Stated simply, Plaintiff's *de minimis* argument is of no help to him; his repeated admissions that he performed loading duties as part of his regular job duties doom his overtime claim. *See, e.g.*, *Gutierrez Chacon v. P & S Select Foods, Inc.*, 2019 WL 6170423 (S.D.N.Y. Nov. 19, 2019) (loader's safety-affecting duties were not *de minimis* where stacking pallets was a part of his regular job duties).

    2.    *Plaintiff regularly moved freight bound in the continuous stream of interstate commerce*

Even if Plaintiff never loaded a single truck, he remains exempt under the MCE because he moved Old Dominion's goods in the continuous stream of interstate commerce as part of his driving duties. On this point, the Seventh Circuit's recent decision in *Burlaka v. Contract Transp. Servs. LLC* is highly instructive. 971 F.3d 718 (7th Cir. 2020), *cert. denied*, No. 20-712, 2021 WL 78494 (U.S. Jan. 11, 2021). There, now-Justice Coney Barrett ruled that a group of spotters who

3

performed only driving duties on an enclosed yard were exempt under the MCE so long as their driving duties "were part of the interstate journey of goods."[3] *Id.* at 721.

This case is on all fours with *Burlaka*. Plaintiff acknowledges that "ODFL is one of the largest North American less-than-truckload ("LTL") motor carriers, providing regional, inter-regional, and national LTL services through an expansive network of service centers located throughout the continental United States" (*see* Opposition Brief, pp. 2-3), and further admits to operating "tractors to move trailers to designated loading/unloading sites." Dkt. 1, ¶ 15.[4] In other words, his own pleadings confirm he moved goods bound in the continuous stream of interstate commerce when performing his regular driving duties. Only one conclusion can be drawn: the MCE applies to Plaintiff, and his overtime claim fails. *Burlaka*, 971 F.3d 718.[5]

---

[3] Spotters, like "yard dogs," "hostlers," "yard hostlers," and "switchers" are generally synonymous terms across the industry.

[4] Given Plaintiff's admission that he could be called on to either perform loading or driving duties on any given day, he was properly classified as exempt under the MCE throughout his employment with Old Dominion. *See* DOL Fact Sheet #19 ("The Secretary of Transportation will assert jurisdiction over employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities.")

[5] In another case filed by Plaintiff's counsel against Old Dominion, *Rowe v. Old Dominion Freight Lines, Inc.*, No. 7:21-cv-4021 (filed May 5, 2021), the plaintiffs, a group of drivers who worked at Old Dominion's New York Service Centers, conceded that they were properly classified as exempt under the MCE because they drove freight bound in interstate commerce. Dkt. 34, pp. 5-6. It follows, then, that Plaintiff also moved goods in interstate commerce when driving, and is also properly classified as exempt.

4

### 3. *Plaintiff never loaded small vehicles*

Plaintiff resists exemption by arguing that he loaded vehicles weighing less than 10,000 pounds and thus comes under the "small vehicle exception" to the MCE. Opposition Brief, pp. 8-10. Nothing in the Complaint supports that brand new allegation.[6] In any event, it is false.

Since at least 2012—in other words, the entire time that Plaintiff worked there—all of the vehicles in Old Dominion's Brooklyn Service Center fleet have weighed well in excess of 10,000 pounds. (February 15, 2022 Declaration of Jim Raynor ("Raynor Dec.") ¶¶ 6-7), attached as Exhibit A; *see also Rowe*, *infra*, (asserting MCE applies to drivers who transport trailers loaded at New York Service Centers, presumably because, *inter alia*, the vehicles they drove exceeded 10,000 pounds). The small vehicle exception is thus inapplicable. *See Chaohui Tang*, 210 F. Supp. 3d at 391 (small vehicle exception did not apply where employer's vehicles all weighed more than 10,000 pounds).

### B. Plaintiff's Service As Class Representative And His Class And Collective Claims Themselves Are Foreclosed By His Pleadings

Plaintiff readily acknowledges that the application of the MCE "requires a fact intensive analysis," Dkt. 17, p. 2, which dooms his ability to proceed on a class or collective basis. *Dauphin v. Chestnut Ridge Transp.*, No. 06 CIV.2730 (SHS), 2009 WL 2596636, at *4 (S.D.N.Y. Aug. 20, 2009). Plaintiff's latest arguments reinforce that reality.

Plaintiff relies almost exclusively on the Declaration of David Bates when attempting to proceed on a class-wide basis, which is both improper and of no help to him. As a preliminary matter, this Court need not consider the Bates Declaration at all. *See, e.g., Campo v. Granite Servs.*

---

[6] Plaintiff cannot rely on un-pleaded and unsupported allegations when opposing a motion to dismiss. *Helwing v. City of New York*, 18-CV-3764, 2021 WL 781794, at *4 (E.D.N.Y. Mar. 1, 2021) ("a plaintiff may not allege new facts and legal claims in opposition to a motion to dismiss").

5

79367462v.5

*Int'l, Inc.*, No. 1:21-CV-223-AT, 2022 WL 210455, at *5 (N.D. Ga. Jan. 21, 2022) (declining to consider the substance of a Declaration submitted in another proceeding on a motion to dismiss).

If it considers the Declaration for any purpose, this Court would be right to conclude that the testimony therein pertains solely to work performed by Old Dominion employees in and around Atlanta, Georgia in 2019 and has no bearing on Plaintiff's employment or his job duties, which took place in Brooklyn, New York. (Opposition Brief, Ex. B.) Further, if what people in Atlanta did three years ago somehow spoke to the job duties of Old Dominion's New York employees, the Bates Declaration would still preclude Plaintiff's ability to proceed on a class or collective basis. Mr. Bates, as Old Dominion's Senior Vice President of Operations, testified that the nature and extent of each employee's duties "are dependent day-to-day on the Supervisor managing the Service Center's work, the employees' own preferences, and the business needs at the Service Center." *Id*. at ¶ 15. Duties, in other words, vary from person to person based on a variety of factors.

Rather than supporting Plaintiff's attempt to proceed on a class or collective basis, the Bates Declaration – if this Court considers it at all – serves only to confirm the futility of aggregate proceedings. *See Dauphin*, 2009 WL 2596636, at *4 (denying motion to certify a group of drivers where application of MCE to each driver would necessarily require individualized inquiries). It confirms that if improvidently aggregated into collective action proceedings, a court would be forced to review the job duties of each employee on a week-to-week basis to determine whether a given employee was properly classified as exempt. The nature of that inquiry would foreclose Plaintiff's ability to proceed on a class or collective basis. *Murray v. City of New York, New York*, 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017) (denying conditional certification where the tasks and work hours vary between the defendant's facilities and individual employees); *see also*

*Heredia v. Americare, Inc.*, 2018 WL 2332068 (S.D.N.Y. May 23, 2018) (denying class certification because the overtime claims and "potpourri" of wage and hour claims necessitated individualized assessments).[7]

### C. Plaintiff's Overtime Claim Under The NYLL Fails

Under the NYLL, "employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one and one-half times the [New York] minimum wage." *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 576 (2d Cir. 2020). Plaintiff concedes he earned substantially more than 1.5 times the minimum wage for all hours worked over 40. Opposition Brief, pp. 20-21. His claim fails.

Plaintiff contends—wrongly—that the NYLL obligated Old Dominion to pay him at least 1.5 times his *regular hourly rate* for all hours worked above 40. The only authority that Plaintiff cites in support of this proposition comes to the same conclusion as *Hayward*—New York law requires overtime compensation at one and one-half times *the minimum wage*. *See Edwards v. Jet Blue Airways Corp.*, 21 Misc. 3d 1107(A), 873 N.Y.S.2d 233 (Sup. Ct. 2008) (on motion for reconsideration, adopting the New York Department of Labor's interpretation of NYLL § 191 and holding that employees classified as exempt under the MCE must be paid at least 1.5 times the New York minimum wage for all hours worked above 40, and that employees who earn more than 1.5 times the New York minimum wage be must paid at least their regular rate for all overtime hours).

---

[7] Because Old Dominion properly classified Plaintiff as exempt under the MCE throughout his employment with Old Dominion, he cannot serve as a class representative. *Dauphin*, 2009 WL 2596636, at *3 (S.D.N.Y. Aug. 20, 2009) (plaintiff was not an adequate class representative where he was subject to the MCE).

Plaintiff acknowledges that *Edwards* remains good law in New York, but argues that it "would not be followed by the higher New York appellate courts" because it relies on the DOL's "unreasonable or irrational" interpretation of its own regulation. Opposition Brief, pp. 23-24. Yet as this Circuit has made clear, the NY DOL's interpretation of Section 191 comports with the plain meaning of the regulation. *Hayward*, 954 F.3d at 576 ("A plain reading of [12 N.Y.C.R.R. § 142-2.2] demonstrates that employees subject to FLSA exemptions like the Motor Carrier Exemption are nonetheless entitled to overtime compensation at a rate of one and one-half times the minimum wage.").

New York courts disagree with Plaintiff about what the NYLL requires in cases like this one. *Hayward* does, too. Plaintiff's NYLL overtime claim should be dismissed.[8] *See Marzec v. DeBuono*, 95 N.Y.2d 262, 266, 739 N.E.2d 742 (2000) (an agency's interpretation of its own regulations must be upheld unless it is unreasonable or irrational).

### D. Plaintiff Has Abandoned His Remaining Claims

Plaintiff does not oppose Old Dominion's arguments that his remaining claims for unpaid meal breaks under NYLL § 162 and failure to timely pay termination wages under NYLL § 191(3) both fail. As a matter of law, these claims have been abandoned, and must be dismissed.

"It is well-settled that failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." *Chauhan v. MM Hotel Mgmt. LLC,* 2019 WL 6118006, at *5 (E.D.N.Y. Nov. 18, 2019) (Hurley, J.) citing *Ross v. Port Chester Housing Authority,* 2019 WL 4738941, at *7 (S.D.N.Y., Sept. 27, 2019). Plaintiff fails to even

---

[8] In *Rowe*, No. 7:21-cv-4021, the plaintiffs conceded in the Amended Complaint that "1.5 times the prevailing New York minimum wage" is the proper measure of overtime wages for MCA-exempt employees, like Plaintiff here. (Dkt. 22, at 5-6) (citing *Hayward v. IBI Armored Servs., Inc.,* 954 F.3d 573, 575 (2d Cir. 2020)).

8

mention his claims for unpaid meal breaks or termination wages in his Opposition Brief, much less argue that they could survive dismissal (and they do not). As a matter of law, these claims have been abandoned and should be dismissed. *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); *see also Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313 (S.D.N.Y. 2018) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim.").

### E.     Plaintiff's Motion To Amend Should Be Denied As Futile

At the end of his Opposition Brief, Plaintiff requests leave to amend the Complaint to 1) "redefine the Class"; and 2) add allegations that Plaintiff moved vehicles weighing less than 10,000 pounds. But these proposed amendments make no difference; the causes of action pleaded in the contemplated First Amended Complaint still fail, and amendment should be denied.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, leave to amend may be denied "when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). "Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is unlikely to be productive if the claims that a plaintiff proposes to add "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). That is exactly the case here.

Plaintiff has previously and repeatedly pleaded that the applicability of the MCE requires a fact-intensive analysis. As explained in Section II.B., *supra*, these concessions doom Plaintiff's

9

attempt to proceed in the aggregate. Whether the purported collective or class is comprised of loaders, dockworkers, or switchers (or some combination of the three), the song remains the same: the applicability of the MCE (or any of its exceptions) would have to be determined based on an exacting review of the job duties for each worker during each week they worked for Old Dominion. That individualized review short-circuit's Plaintiff's quest for class or collective treatment. *See Dauphin*, 2009 WL 2596636, at *4 (denying motion certification of group of drivers where application of MCE to each driver would necessarily require individualized inquiries).

Plaintiff's allegation that he worked on vehicles weighing less than 10,000 pounds, meanwhile, cannot salvage his overtime claims **because it is simply not true**. *See* Section II.A.3., *supra*. Any amendment can't escape this simple truth, and would thus be futile. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[ ] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

### III.  CONCLUSION

For these reasons, as well as those articulated in Old Dominion's moving brief, all of Plaintiff's claims fail as a matter of law and should be dismissed with prejudice. Plaintiff's improper request for leave to amend should be denied.

Date: February 16, 2022 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　　　　　By: */s/ Brett C. Bartlett*　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Brett C. Bartlett
　　　　　　　　　　　　　　　　　　　　　　　Cary R. Burke
　　　　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP
　　　　　　　　　　　　　　　　　　　　　　　1075 Peachtree St. NE, Suite 2500
　　　　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309-3958
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (404) 885-1500
　　　　　　　　　　　　　　　　　　　　　　　bbartlett@seyfarth.com
　　　　　　　　　　　　　　　　　　　　　　　caburke@seyfarth.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　　　*Old Dominion Freight Line, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2022, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS was served on all counsel of record, in conformance with the Court's prior Orders and the Court's Individual Preferences.

　　　　　　　　　　　　　　　　　　　　*/s/ Brett C. Bartlett*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Brett C. Bartlett
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

11

79367462v.5