UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
RUSBER GONZALEZ MENDEZ,
*individually and on behalf of all others
similarly situated*,

                        Plaintiff,

          -against-

OLD DOMINION FREIGHT LINE, INC.,

                    Defendant.
-------------------------------------------------------X

                               **REPORT AND
RECOMMENDATION**
21-CV-5289 (RPK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

       Plaintiff Rusber Gonzalez Mendez ("Plaintiff") initiated this putative collective and class action against Defendant Old Dominion Freight Line, Inc. ("Old Dominion"), on September 23, 2021. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff alleges claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.*, related to his work for Old Dominion, one of the largest motor carriers in North America. (*Id.* ¶¶ 1, 9.) Plaintiff alleges that he performed work for Old Dominion that was covered under the FLSA and the NYLL, but that he was not properly compensated for all of the hours he worked. (*Id.* ¶¶ 15–48.) Plaintiff's complaint also includes collective action and class action allegations. (*Id.* ¶¶ 49–75.)

       Currently pending before the Court is Old Dominion's motion to dismiss, which the Honorable Rachel P. Kovner referred to the undersigned Magistrate Judge for a report and recommendation. (Mot. to Dismiss ("Mot."), ECF No. 31; Apr. 5, 2022 ECF Referral Order.) Also pending before the Court is Plaintiff's motion for conditional certification of a collective action under the FLSA. (Mot. for Collective Action, ECF No.

12; Nov. 5, 2021 ECF Order; Nov. 12, 2021 ECF Order.) For the reasons set forth below, the Court respectfully recommends that Defendant's motion to dismiss be granted in part and denied in part. In addition, the Court respectfully recommends granting Plaintiff's request to file an amended complaint. In a separate decision, the Court denies Plaintiff's motion for collective certification without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

According to the complaint, Old Dominion "is one of the largest North American less-than-truckload ('LTL') motor carriers, providing regional, inter-regional and national LTL services through an expansive network of service centers located throughout the continental United States." (Compl., ECF No. 1, ¶ 9.) It is also a "foreign business corporation" that "is authorized and regularly transacts business in New York." (*Id.* ¶¶ 3–4.) Plaintiff alleges that: "As of June 2021, [Old Dominion] had more than 22,000 full time employees and operated approximately 248 service centers across the United States." (*Id.* ¶ 10.)

Plaintiff further alleges that Old Dominion employed him as a "switcher" or a "yard switcher" from 2016 to November 2019. (*Id.* ¶¶ 12–13, 16, 18.) Plaintiff claims that during this time period, he "was required . . . [to] work more than forty (40) hours in a week" and worked "at least 55 hours per week." (*Id.* ¶¶ 23, 25.) Plaintiff further claims that "[i]n 2019, [he] was paid hourly at a rate of approximately $26.60," but that "[f]rom 2016 to 2019, [Old Dominion] failed to pay Plaintiff overtime compensation at 1.5 times his regular rate of pay for all workweeks in excess of 40 hours." (*Id.* ¶¶ 26, 29.) Plaintiff also contends that Old Dominion "fabricated false time records which understated the

---

[1] The facts alleged by Plaintiff in the complaint are assumed to be true for purposes of this motion. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010); *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 359 n.1 (E.D.N.Y. 2021).

true number of hours Plaintiff worked each week." (*Id.* ¶ 32.) Plaintiff further alleges that he was "regularly forced to miss lunch breaks" because Old Dominion required Plaintiff "to be working during that time" but that Plaintiff "was not compensated for such time worked." (*Id.* ¶¶ 37, 41.) Based on these allegations, Plaintiff avers that Old Dominion "failed to pay Plaintiff all wages due and owing at the time of termination of his employment, as required by NYLL § 191" and that "[a]s a result of its failure to compensate for all hours worked and all overtime compensation, [Old Dominion] failed to pay Plaintiff for all wages due and owing under the NYLL[]." (*Id.* ¶¶ 43, 46.) Plaintiff alleges the same facts as the above for "similarly situated switchers" who were employed by Old Dominion. (*See id.* ¶¶ 12, 13, 18, 24, 28, 30, 33, 35, 38, 42, 44, 47.)

On the basis of the foregoing allegations, Plaintiff asserts claims against Old Dominion for violating the overtime pay provisions of the FLSA and the NYLL and the meal period provision of the NYLL, and for violating NYLL § 191 by failing to pay Plaintiff "all wages due and owing at the time of termination of [his] employment." (*Id.* ¶¶ 79, 80, 85, 90, 91, 98, 100.) Plaintiff also includes allegations and claims on behalf of a putative class under Federal Rule of Civil Procedure 23 and as a conditional collective action under the FLSA. (*See id.* ¶¶ 49–96.)

On October 28, 2021, Plaintiff filed a letter requesting a pre-motion conference to discuss filing a motion for conditional certification and Old Dominion filed a reply in opposition on November 3, 2021. (Pl.'s Pre-Mot. Conf. Letter, ECF No. 10; Def.'s Reply in Opp'n, ECF No. 11.) Judge Kovner found that a pre-motion conference was not necessary and referred Plaintiff's motion for conditional certification to the undersigned

Magistrate Judge. (Nov. 5, 2021 ECF Order.)[2] Plaintiff filed his motion to certify an FLSA collective action and accompanying documents on November 11, 2021. (Mot. for Collective Action, ECF No. 12; Pl.'s Mem. in Supp., ECF No. 13.)

On November 12, 2021, however, Defendant filed a motion requesting a pre-motion conference to discuss filing a motion to dismiss and requesting a stay of the briefing of Plaintiff's conditional certification motion. (Def.'s Pre-Mot. Conf. Letter, ECF No. 16.) Plaintiff filed a letter in opposition on November 15, 2021. (Pl.'s Letter in Opp'n, ECF No. 17.) On November 15, 2021, the undersigned set the briefing schedule for the response and reply as to Plaintiff's motion for conditional certification. (Nov. 15, 2021 ECF Order.) On November 18, 2021, Judge Kovner determined that a pre-motion conference for Defendant's proposed motion to dismiss was unnecessary, set a briefing schedule, and referred Defendant's request to stay briefing of the conditional certification motion to the undersigned Magistrate Judge. (Nov. 18, 2021 ECF Order.) The next day, Defendant filed a motion to stay all proceedings, including briefing of the conditional certification motion, until Defendant's motion to dismiss was briefed and decided. (Def.'s Mot. to Stay, ECF No. 18.) On November 22, 2021, the Court granted Defendant's motion to stay, in part, and stayed briefing on Plaintiff's motion for conditional certification. (Nov. 22, 2021 ECF Order.)

On November 24, 2021, Plaintiff filed a motion for reconsideration of the Court's decision on Defendant's motion to stay. (Pl.'s Mot. for Reconsideration, ECF No. 19.) After Defendant's opposition and Plaintiff's reply were filed, the Court held a status

---

[2] After Old Dominion filed a letter requesting clarification of the Court's November 5, 2021 order, the Court reaffirmed that Plaintiff had permission to file his motion to certify an FLSA collective action and that the motion for conditional certification remained referred to the undersigned Magistrate Judge. (Nov. 11, 2021 Letter Requesting Clarification, ECF No. 14; Nov. 12, 2021 ECF Order.)

conference on January 11, 2022, during which the Court denied Plaintiff's motion for reconsideration and deferred decision on Plaintiff's motion for certification of a collective action. (Jan. 11, 2022 ECF Minute Entry and Order; *see also* Def.'s Reply in Opp'n, ECF No. 20; Pl.'s Reply in Supp., ECF No. 21.) The Court explained that "the applicable law, and the arguments underlying Defendant's anticipated motion to dismiss . . . if successful, could impact the allegations in the complaint and / or the suitability of Mr. Mendez to serve as lead Plaintiff for a collective action under Section 216(b) of the FLSA." (Jan. 11, 2022 ECF Minute Entry and Order.)

The parties filed the fully briefed motion to dismiss on February 16, 2022. (Mot., ECF No. 31; Def.'s Mem. in Supp., ECF No. 32; Pl.'s Resp. in Opp'n, ECF No. 33; Def.'s Reply in Supp., ECF No. 34.) Judge Kovner later referred the motion to dismiss to the undersigned Magistrate Judge. (Apr. 5, 2022 ECF Referral Order.) On June 29, 2022, Defendant filed a notice of supplemental authority in support of its motion to dismiss. (Notice of Suppl. Authority, ECF No. 35.) Because of the significant overlap in issues relevant to consideration of Defendant's motion to dismiss and Plaintiff's motion for collective action certification, the undersigned ordered the parties to appear for oral argument on August 1, 2022, regarding both motions. (*See* July 26, 2022 ECF Scheduling Order; Aug. 1, 2022 ECF Minute Entry and Order; Aug. 1, 2022 Hearing Transcript ("Hr'g Tr."), ECF No. 36.)

For the reasons set forth below, the Court respectfully recommends that: (1) Defendant's motion to dismiss be denied as to Plaintiff's wage deficiency claims under the FLSA and the NYLL; (2) Defendant's motion to dismiss be granted, with prejudice, as to Plaintiff's meal break and termination pay claims; (3) Defendant's motion to dismiss be denied as to Plaintiff's collective and class action allegations,

without prejudice to Defendant being permitted to raise the same arguments in future motion practice; and (4) Plaintiff's application to file an amended complaint be granted.

In addition, for the reasons set forth in a separate memorandum and order, Plaintiff's motion to certify an FLSA collective action is denied without prejudice.

## DISCUSSION

### I. Legal Standards

#### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires establishing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (explaining that courts are "not required to credit conclusory allegations or legal conclusions couched as factual allegations"); *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 364 (E.D.N.Y. 2021) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting *Twombly*, 550 U.S. at 555)).

At the motion to dismiss stage, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). When deciding a motion to dismiss, the court

does not "weigh the evidence that might be presented at trial but merely . . . determine[s] whether the complaint itself is legally sufficient." *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 713 (S.D.N.Y. 2012). In addition, although the scope of review for Rule 12(b)(6) motions is generally limited to the complaint, courts may consider "'documents incorporated in [the complaint] by reference' and documents which are 'integral to plaintiff['s] claim.'" *Benny v. City of Long Beach*, No. 20-CV-1908 (KAM), 2021 WL 4340789, at *5 (E.D.N.Y. Sept. 23, 2021) (alterations in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)); *see also Gordon v. Target Corp.*, No. 20-CV-9589 (KMK), 2022 WL 836773, at *1 (S.D.N.Y. Mar. 18, 2022).

### B.  Liability Under the FLSA

To establish liability under the FLSA, a "'plaintiff must prove the following: (1) the defendant is an employer subject to . . . [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . [the] FLSA; and (3) the employment relationship is not exempted from . . . [the] FLSA.'" *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH) (SJB), 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018) (quoting *Saucedo v. On the Spot Audio Corp.*, No. 16-CV-451 (CBA) (CLP), 2016 WL 8376837, at *4 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451 (CBA) (CLP), 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *default judgment vacated on other grounds*, No. 16-CV-451 (CBA) (CLP), 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018)).

An employer is subject to the overtime wage provision of the FLSA if either: (1) their employees are "engaged in commerce," or (2) the employer is an "enterprise engaged in commerce." 29 U.S.C. § 207(a)(1); *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009). A defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" if the defendant is an enterprise that engages in commerce or the production of goods in interstate commerce, and has annual sales

greater than $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i)–(ii). In turn, under the FLSA, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1).[3]

As to the third factor, certain employment relationships are exempt from the overtime pay provisions of the FLSA. *See* 29 U.S.C. § 213(b) (setting forth the relevant exemptions). Of particular relevance here, the Motor Carrier Act ("MCA") exemption states that "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49" does not retain FLSA protection for overtime pay. 29 U.S.C. § 213(b)(1). Under the MCA, the Secretary of Transportation has jurisdiction over the "qualifications and maximum hours" for employees of a "motor carrier" and "motor private carrier." 49 U.S.C. § 31502(b). In the complaint, Plaintiff states that Defendant "is one of the largest North American less-than-truckload ('LTL') motor carriers, providing regional, inter-regional and national LTL services through an expansive network of service centers located throughout the continental United States." (Compl., ECF No. 1, ¶ 9.) Therefore, according to the complaint, Defendant falls under the Secretary of Transportation's jurisdiction, another point the parties do not dispute.

---

[3] In his complaint, Plaintiff states that Defendant is an "enterprise engaged in interstate commerce," "had at least $500,000.00 in annual gross volume of sales made or business done," and "acted as the 'employer' of Plaintiff and all others similarly situated, as defined by the FLSA." (Compl., ECF No. 1, ¶¶ 8, 11, 12.) Therefore, the complaint sufficiently alleges that Defendant is an "employer" within the meaning of the FLSA. There can be no dispute that Plaintiff also adequately alleges that he was an "employee." Here, the complaint states that Old Dominion employed him as a switcher or a yard switcher at Old Dominion's yard in Brooklyn from 2016 to November 2019, and that Old Dominion "determined the terms of conditions of employment of Plaintiff and all others similarly situated, including (but not limited to) their employment status, compensation, work hours, benefits, nonexempt/exempt classification, etc." (*Id.* ¶¶ 12, 14, 16, 18.) Likewise, Plaintiff has sufficiently pled that he was Old Dominion's employee and that Old Dominion was an employer for purposes of the NYLL. "The NYLL's definitions are nearly identical to the FLSA's." *Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526 (S.D.N.Y. 2013). However, the NYLL's definition of an employer is "broader than that contained in the FLSA." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015).

However, "[w]hether the motor carrier exemption applies to an employee depends on the nature of both the employer's and the employee's activities." *Walden v. Sanitation Salvage Corp.*, No. 14-CV-112 (ER) & No. 14-CV-7759 (ER), 2016 WL 7243547, at *2 (S.D.N.Y. Dec. 13, 2016) (citing 29 C.F.R. § 782.2(a)). "The employee must be a 'driver, driver's helper, loader, or mechanic' whose work directly affects the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the MCA." *Id.* (quoting 29 C.F.R. § 782.2(b)(2)); *see also Tang v. Wing Keung Enterprises, Inc.*, No. 14-CV-390 (JBW) (LB), 2016 WL 6110454, at *4–5 (E.D.N.Y. July 11, 2016), *report and recommendation adopted*, 210 F. Supp. 3d 376 (E.D.N.Y. 2016). Notably, the "name given to the employee's position is not controlling; rather, it is the character of the activities involved in the employee's performance of his job that controls." *Walden*, 2016 WL 7243547, at *2. The burden of invoking any FLSA exemption rests with the employer. *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002).

The parties disagree over whether the MCA applies to Plaintiff, who alleges that he was employed as a switcher or yard switcher. (Compl., ECF No. 1, ¶ 18.) Accordingly, Defendant's motion to dismiss Plaintiff's overtime wage claims under the FLSA turns on whether the allegations in the complaint, which the Court must credit as true at this stage in the case, establish as a matter of law that Plaintiff is statutorily exempt, or whether there are fact issues surrounding the scope of Plaintiff's duties that impact the determination of whether he was an exempt worker under the MCA. (*See* Def.'s Mem. in Supp., ECF No. 32, at 6; Pl.'s Resp. in Opp'n, ECF No. 33, at 1, 5.)[4]

---

[4] There are also related issues surrounding how the MCA exemption impacts Plaintiff's NYLL wage deficiency claim. As to that claim, the Court notes that "although the NYLL's overtime-pay provision, 12 N.Y.C.R.R. § 142.2-2, adopts the Motor Carrier Exemption," such

## II.    Defendant's Motion to Dismiss

Defendant Old Dominion contends that Plaintiff had the title "dockworker" during his employment and that he cannot state a claim under the FLSA or the NYLL. (*See* Def.'s Mem. in Supp., ECF No. 32, at 1.) First, Old Dominion argues that, regardless of Plaintiff's job title, he "regularly performed the duties of a loader," which rendered him exempt from the FLSA under the MCA. (*Id.* at 2, 6–7; Def.'s Reply in Supp., ECF No. 34, at 2.) Second, Defendant contends that Plaintiff's overtime claims fail as a matter of law because Plaintiff was paid in excess of 1.5 times the New York minimum wage throughout the statutory period, and that his meal break and termination pay claims should also be dismissed. (Def.'s Mem. in Supp., ECF No. 32, at 2, 7–11; Def.'s Reply in Supp., ECF No. 34, at 2, 7–9.) Third, Defendant argues that Plaintiff's class and collective claims should be dismissed because of the fact-intensive analysis required to evaluate the applicable exemption, and that the complaint fails to meet the requirements for class certification under Federal Rule of Civil Procedure 23, in part because Plaintiff would not be an appropriate class representative. (Def.'s Mem. in Supp., ECF No. 32, at 4–5; Def.'s Reply in Supp., ECF No. 34, at 5–7.)

For the reasons discussed below, the Court respectfully recommends that Defendant's motion be denied with respect to Plaintiff's FLSA and NYLL wage claims and granted as to Plaintiff's NYLL meal break and termination pay claims, as those claims have been abandoned. Finally, the Court respectfully recommends denying Defendant's motion to dismiss the class and collective action claims at this stage without prejudice to Defendant's right to oppose collective or class certification on the

---

workers are entitled to overtime compensation of one and one-half times the state minimum wage. *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 575–76 (2d Cir. 2020) (per curiam).

same grounds at a later stage in the case, if and when Plaintiff files a certification motion following the filing of the proposed amended complaint.

### A.  Sufficiency of Plaintiff's FLSA and NYLL Wage Deficiency Claims

Turning first to Plaintiff's FLSA wage deficiency claim, a determination of the applicability of the MCA "requires a detailed, fact-specific inquiry." *Romero v. Flaum Appetizing Corp.*, No. 07-CV-7222 (BSJ) (JCF), 2011 WL 812157, at *4 (S.D.N.Y. Mar. 1, 2011); *see also* 29 C.F.R. § 782.2(b)(3)[5]; *Tang*, 210 F. Supp. 3d at 404 (finding, in the context of a motion for summary judgment, that a "week-by-week approach" was to be used to determine whether a plaintiff falls under the MCA exemption); *Perez v. Time Moving & Storage Inc.*, No. 08-CV-2775 (CM), 2008 WL 5662070, at *2 (S.D.N.Y. Jan. 15, 2008) ("[A]s long as the facts pleaded about their job duties render it plausible that plaintiffs fall outside the [motor carrier] exemption, the complaint cannot be dismissed[.]"). Notably, in arguing for dismissal of the collective and class claims, Defendant's brief in support of the motion to dismiss candidly recognizes that MCA exemption "analyses require a fact-intensive analysis." (Def.'s Mem. in Supp., ECF No. 32, at 1; *id.* at 5.) A fact-intensive analysis does not generally lend itself to granting a motion to dismiss. *See Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 702–03 (E.D.N.Y. 2017) (noting that applying the MCA exemption is "a case-specific and highly fact-intensive

---

[5] 29 C.F.R. § 782.2(b)(3) states, in pertinent part, as follows:

> As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described in paragraph (b)(2) of this section, he comes within the exemption *in all workweeks* when he is employed at such job.

(emphasis added).

inquiry" and finding that the pleadings did not offer a factual basis to grant defendant's motion to dismiss pursuant to the MCA). Additionally, as noted above, "the employer bears the burden of demonstrating that an FLSA exemption applies." *Id.* at 704 (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)).

Here, Plaintiff argues that the MCA does not apply, alleging that he was a "switcher" who would "move trailers to designated loading/unloading sites" and claiming that he did not load or unload trailers during his employment with Old Dominion. (Compl., ECF No. 1, ¶¶ 16, 18, 21; Pl.'s Resp. in Opp'n, ECF No. 33 at 3, 11–12.) In contrast, Defendant argues that Plaintiff was actually employed as a dockworker who "was trained on forklift operation, as well as load and safety distribution, safe traveling with a load, and truck loading and unloading." (Def.'s Mem. in Supp., ECF No. 32, at 3 (citing Defense Counsel's Oct. 25, 2021 Email, ECF No. 32-1).)[6] Defendant also argues that "[w]hatever Plaintiff's job title, whether Switcher or Dockworker, Plaintiff regularly performed the duties of a loader," which triggers the application of the MCA exemption.[7] (*Id.* at 2.) In response to Defendant's motion to dismiss, Plaintiff

---

[6] In support of their position, Old Dominion notes that:

Plaintiff now concedes in his sworn Declaration that he [] "would assist dock workers in loading/unloading trailers"[] and [] "operate[d] a forklift . . . in loading heavy pieces of freight in the vehicle or deposit pieces of freight in the vehicle for someone else to distribute and secure in place or arrange pieces of freight in the vehicle pursuant to instructions given by dock workers in each instance."

(Def.'s Mem. in Supp., ECF No. 32, at 3 (citing Pl.'s Decl., ECF No. 13-1, ¶ 5).) For purposes of this motion to dismiss, however, the Court credits as true the allegations in Plaintiff's complaint and draws all reasonable inferences in his favor.

[7] The Court notes that Defendant's reply brief also relies on a Seventh Circuit case, *Burlaka v. Contract Transport Servs. LLC*, in which the court held that truck drivers who only drove intrastate were subject to the MCA exemption. 971 F.3d 718, 721 (7th Cir. 2020). In contrast to this case, the *Burlaka* case was decided on summary judgment, not at the motion to dismiss stage. *Id.* at 722. Here, there are genuine questions of fact surrounding Plaintiff's job

12

argues that, even if Old Dominion's claim is true that Plaintiff was engaged in the duties of a loader, another issue of fact arises as to "whether Plaintiff qualifies under the small vehicle exception to the SAFETEA-LU Technical Corrections Act of 2008," pursuant to which work that involves the loading of trucks that weigh under 10,000 pounds is not exempt from the FLSA.[8] (Pl.'s Resp. in Opp'n, ECF No. 33 at 1, 8–11.)[9]

Given that the Court must accept Plaintiff's allegations as true at this stage, the Court finds that Plaintiff has plausibly alleged facts sufficient to demonstrate that his work fell outside the MCA exemption, and that Defendant has not met its burden to establish that the exemption clearly applies. *See Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011) ("The employer who invokes the exemption bears the burden of establishing that the employee falls within the exemption."). Accordingly, the Court respectfully recommends that Defendant's motion to dismiss Plaintiff's FLSA wage deficiency claim be denied due to the existence of questions of fact regarding Plaintiff's job responsibilities.

Turning next to the NYLL wage deficiency claim, Plaintiff alleges that he was required to work over 40 hours every week, and in fact worked "at least 55 hours per week." (Compl., ECF No. 1, ¶¶ 23, 25.) Plaintiff further alleges that: "In 2019, [he] was paid hourly at a rate of approximately $26.60," and that Old Dominion failed to pay

---

duties that preclude a determination as to whether *Burlaka* is "on all fours" with the instant case, as Defendant argues. (*See* Def.'s Reply in Supp., ECF No. 34, at 4.)

[8] Defendant's reply to this argument raises yet another question of fact. In the reply brief, Old Dominion argues that every vehicle at the Brooklyn Service Center, where Plaintiff worked, was in excess of 10,000 pounds, with the majority weighing over 30,000 pounds. (Def.'s Reply in Supp., ECF No. 34, at 1, 5.)

[9] The Court notes that Plaintiff also seeks to add a claim under the SAFETEA-LU Technical Corrections Act of 2008. (*See* Proposed Amended Complaint ("PAC"), ECF No. 33-3, ¶¶ 77–82 (adding claim under the small vehicle exception).) As discussed *infra*, the undersigned respectfully recommends granting Plaintiff leave to replead.

him overtime compensation at 1.5 times his regular rate of pay for all workweeks in excess of 40 hours" from 2016 to 2019. (*Id.* ¶¶ 26, 29.) However, relying on the Second Circuit's decision in *Hayward v. IBI Armored Servs., Inc.*, 954 F.3d 573, 575–76 (2d Cir. 2020), Defendant argues that MCA-exempt workers are only entitled to one and one-half times the state minimum wage, not one and one-half times their regular hourly rate. (Def.'s Mem. in Supp., ECF No. 32, at 8–10.) Old Dominion thus agrees that Plaintiff "must be paid at least 1.5 times the minimum wage for each hour worked above 40 in a given week," but argues that his rate of pay was more than one and one-half times the relevant New York minimum wage, so there was no violation.[10] (*Id.* at 8 (citing *Hayward,* 954 F.3d at 575–76).)

One problem with Defendant's argument is that it rests on the assumption that Plaintiff is exempt under the MCA. As explained above, applying the MCA is a fact-intensive analysis that is often inappropriate on a motion to dismiss. Even if we could ascertain the appropriate hourly rates (which we cannot given the question of whether the MCA applies), any wage deficiency determination is fact intensive. In the complaint, Plaintiff alleges that he worked "at least 55 hours per week," and that Old Dominion "fabricated false time records which understated the true number of hours Plaintiff worked each week." (Compl., ECF No. 1, ¶¶ 25, 32.) In response, and underscoring the fact-intensive nature of the inquiry, Defendant's brief engages in a detailed analysis of Plaintiff's hours, and makes reference to payroll records attached as

---

[10] On June 29, 2022, Defendant filed a notice of supplemental authority in support of its motion. (Notice of Suppl. Authority, ECF No. 35.) Specifically, Defendant provided an opinion from two consolidated cases in the Southern District of New York, *Adrian Rowe v. Old Dominion*, No. 21-CV-4021, and *Samuel Bowens et al. v. Old Dominion*, No. 21-CV-8040, in which the court granted Old Dominion's motion to dismiss. (*Id.* at 1.) In that case, however, unlike here, the plaintiffs conceded that the MCA exemption applied to them. *See Rowe v. Old Dominion Freight Lines, Inc.*, No. 21-CV-4021 (KMK), 2022 WL 2181619, at *4 (S.D.N.Y. June 16, 2022). ("No Party disputes that Plaintiffs are exempt from the FLSA." (quotation marks omitted)).

exhibits to the motion, arguing that Plaintiff was paid in excess of 1.5 times the New York minimum wage for all conceivable hours worked. (Def.'s Mem. in Supp., ECF No. 32, at 9–10.) Crediting Plaintiff's allegations and drawing all reasonable inferences in Plaintiff's favor as the Court must at this stage, the Court declines to rely on the payroll records cited by Defendant and finds that there are issues of fact pertinent to Plaintiff's wage deficiency claim under the NYLL that preclude dismissal.

For all of the foregoing reasons, the Court respectfully recommends that Defendant's motion to dismiss be denied as to Plaintiff's wage deficiency claims under both the FLSA and the NYLL.

### B. Sufficiency of Plaintiff's NYLL Meal Break and Termination Pay Claims

In addition to Plaintiff's overtime wage claims, Defendant seeks to dismiss Plaintiff's meal break and termination pay claims under the NYLL, arguing that the meal break provision of the NYLL does not contain a private right of action and that Plaintiff received his termination pay as required by the NYLL. (Def.'s Mem. in Supp., ECF No. 32, at 10–11 (citing, *inter alia*, *Salahuddin v. Craver*, 82 N.Y.S.3d 291, 292 (N.Y. App. Div. 4th Dep't 2018); *Hill v. City of New York*, 136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011)).) In response to Defendant's motion, Plaintiff did not address the meal break and termination pay claims. (*See* Pl.'s Resp. in Opp'n, ECF No. 33.) Rather, Plaintiff filed a proposed amended complaint that does not include a specified meal break claim in the Third Claim for Relief and omits the termination pay allegations and claim. (Proposed Amended Complaint ("PAC"), ECF No. 33-3, ¶¶ 8–55, 83–94.) Defendant urges the Court to find that "[a]s a matter of law, these claims have been abandoned, and must be dismissed." (Def.'s Reply in Supp., ECF No. 34, at 8, 9.)

"A district court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'" *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Felix v. City of New York*, 344 F. Supp. 3d 644, 654–55 (S.D.N.Y. 2018)); *see also Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161–62 (E.D.N.Y. 2018) (collecting cases); *Verdi v. City of New York*, 306 F. Supp. 3d 532, 552 (S.D.N.Y. 2018) (finding plaintiff's claims abandoned and dismissing them with prejudice where "[p]laintiff did not respond to [defendant's] arguments in his opposition").

Defendant is correct that "Plaintiff does not oppose Old Dominion's arguments that his remaining claims for unpaid meal breaks under NYLL § 162 and failure to timely pay termination wages under NYLL § 191(3) both fail." (Def.'s Reply in Supp., ECF No. 34, at 8; *see* Pl.'s Resp. in Opp'n, ECF No. 33; PAC, ECF No. 33-3, ¶¶ 8–55, 83–94.) In addition, Plaintiff's counsel represented at oral argument that, in the proposed amended complaint, he was no longer pursuing a standalone meal break claim or termination pay claim under the NYLL. (Hr'g Tr., ECF No. 36, at 24:9–12.) Given that Plaintiff has offered no opposition to Defendant's arguments or offered any legal authority in opposition to dismissal of these claims, the Court recommends deeming these claims abandoned and dismissing them with prejudice.[11] *See Jennings*, 367 F. Supp. 3d at 69–70; *Verdi*, 306 F. Supp. 3d at 552; *Laface*, 349 F. Supp. 3d at 162.

---

[11] While Plaintiff's counsel agreed that Plaintiff will no longer pursue a standalone meal break claim under the NYLL, he explained that the factual allegations pertaining to Plaintiff's lack of a meal break remain in the proposed amended complaint as part of Plaintiff's wage deficiency claims on the theory that he should have been paid overtime for the meal breaks during which he worked. (Hr'g Tr., ECF No. 36, at 23:12–24:12; PAC, ECF No. 33-3, ¶¶ 32–34.)

### C.  Class Action Allegations

Lastly, Defendant argues that Plaintiff's class claims should be dismissed because Plaintiff's case "is not an appropriate vehicle for class and collective treatment" because "the Court would be forced to conduct fact-intensive, individualized analyses of the job duties and working hours of each collective class member." (Def.'s Mem. in Supp., ECF No. 32, at 5; *see also* Def.'s Reply in Supp., ECF No. 34, at 5–7.)

"[D]istrict courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, where a more complete factual record can aid the court in making this determination." *Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 573 (S.D.N.Y. 2012); *see also Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 324 (S.D.N.Y. 2010) ("In many circumstances, it may be 'inappropriate to make a preliminary assessment of the merits of a case in order to determine if it could be maintained as a class action.'" (quoting *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998))); *Andrade v. JP Morgan Chase Bank, N.A.*, No. 08-CV-3703 (RRM) (RLM), 2009 WL 2899874, at *4 (E.D.N.Y. Sept. 4, 2009) ("Whether Plaintiff can meet her burden with respect to 'commonality,' 'typicality,' and the other requirements of Rule 23 is a question that must await a motion seeking class certification, and the Court expresses no opinion on it at this stage in the litigation.").

Here, the Court finds that it would be premature to dismiss Plaintiff's class and collective action allegations in light of the fact questions surrounding the nature of Plaintiff's job responsibilities. It is also untimely to dismiss the class action allegations at this early stage, when no motion for class certification has been filed. Moreover, as discussed *infra*, the Court respectfully recommends granting Plaintiff's request to file an amended complaint, which could change the scope of a proposed class or collective.

Accordingly, the Court respectfully recommends denying Defendant's motion to dismiss Plaintiff's class and collective action allegations at this stage, "without prejudice to its right to oppose class certification on these same grounds." *Cohen*, 686 F. Supp. 2d at 324; *cf. Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020) ("Since it would be premature to decide this fact-specific argument at this juncture, [Defendant]'s motion to strike [Plaintiff's] class allegations is denied. [Defendant] may raise these arguments if [Plaintiff] moves for class certification pursuant to Federal Rule of Civil Procedure 23.").

### D. Leave to Amend

In the final pages of his brief in opposition to the motion to dismiss, Plaintiff requests leave to amend the complaint, and includes a proposed amended complaint as an attachment. (Pl.'s Resp. in Opp'n, ECF No. 33, at 26–28; PAC, ECF No. 33-3.)

The Second Circuit has observed that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cnty. of Nassau,* 180 F.3d 42, 53 (2d Cir. 1999); *see also Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 226 (E.D.N.Y. 2014). "The decision to grant or deny leave to amend is within the trial court's discretion." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. PVT Ltd.*, 338 F.R.D. 579, 583 (S.D.N.Y. 2021) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Saravia v. Royal Guard Fence Co.*, No. 19-CV-2086 (DRH) (SIL), 2020 WL 5231696, at *9 (E.D.N.Y. Sept. 2, 2020) (explaining that parties should generally "be allowed to amend their pleadings . . . unless there is evidence of undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility" (quotation marks omitted)). If the underlying facts or circumstances relied

upon by the party seeking leave to amend "may be a proper subject of relief," there is a preference that the party "be afforded the opportunity to test [its] claim on the merits." *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

Here, Plaintiff seeks leave to amend his complaint "to redefine the Class and to allege an alternative cause of action, pursuant to the small vehicle exception . . . under which Section 306 provides that the FLSA is applicable to 'a covered employee' notwithstanding the MCA exemption." (Pl.'s Resp. in Opp'n, ECF No. 33, at 26–27.) Additionally, Plaintiff's proposed amended complaint alleges that Plaintiff started employment at Old Dominion in 2015, not 2016, as currently alleged. (*Compare* Compl., ECF No. 1, ¶¶ 16, 29, *with* PAC, ECF No. 33-3, ¶¶ 19–21.) Given the Second Circuit's long-established general practice of allowing leave to replead following a motion to dismiss and the liberal standard for the filing of an amended complaint, and having carefully reviewed the proposed amended complaint and the applicable law, the Court respectfully recommends granting Plaintiff's application to file the proposed amended complaint.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendant's motion to dismiss (ECF No. 31) be granted in part and denied in part. Specifically, the undersigned recommends that (1) Defendant's motion to dismiss be denied as to Plaintiff's wage deficiency claims under the FLSA and the NYLL; (2) Defendant's motion to dismiss be granted, with prejudice, as to Plaintiff's meal break and termination pay claims; (3) Defendant's motion to dismiss be denied as to Plaintiff's collective and class action allegations, without prejudice to Defendant being permitted

to raise the same arguments in future motion practice; and (4) Plaintiff's application to file an amended complaint be granted.

*   *   *   *   *

Any objections to this report and recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:  Brooklyn, New York
         August 5, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE