**Seyfarth**

**Seyfarth Shaw LLP**
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
**T** (404) 885-1500
**F** (404) 892-7056

caburke@seyfarth.com
T (404) 704-9667

www.seyfarth.com

February 24, 2023

**VIA ECF**

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Rusber Gonzalez Mendez, et al. v. Old Dominion Freight Line, Inc.*
        Docket No.: 21-cv-05289 (KAM) (VMS)

Dear Judge Merkl:

Plaintiff Rusber Gonzalez Mendez ("Plaintiff" or "Mendez") and Defendant Old Dominion Freight Line, Inc. ("ODFL" or "Defendant') (collectively, "Parties") jointly notify the Court that they have resolved this action and all claims alleged in the Amended Complaint, and hereby stipulate to the voluntary dismissal with prejudice of this case in its entirety under Fed. R. Civ. P. 41(a).

Given the Amended Complaint alleges causes of action arising under the Fair Labor Standards Act ("FLSA"), the Parties also jointly move the Court for an Order approving the Parties' Settlement Agreement, attached hereto as Exhibit A.

<u>**Procedural History**</u>

Plaintiff filed the Complaint on September 23, 2021 against ODFL, alleging, in pertinent part, unlawful failure to pay overtime wages under the FLSA.  Since that time, the Parties have engaged in significant motion practice, Plaintiff filed the Amended Complaint, and the Parties engaged in fact discovery.

After exchanging discovery requests and scheduling depositions, the Parties engaged in settlement negotiations.  The Parties have reached an agreement to settle this case, and now seek the Court's approval of the Settlement Agreement.



## The Court Should Approve the Settlement Agreements as Fair and Reasonable

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). Indeed, "courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Hernandez v. Merrill Lynch & Co.*, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Where, as here, "the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.*

When evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply a five-factor test. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Under this framework, the Court considers: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the Parties; (4) whether the settlement agreements are the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.*

In this case, Plaintiff, a former Dockworker at Defendant's Brooklyn, New York Service Center, alleges that he was improperly classified as exempt from overtime under the FLSA pursuant to the Motor Carrier Act exemption ("MCE"). Defendant, in contrast, contends that Plaintiff was properly classified as exempt under the MCE because he loaded goods bound in the continuous stream of interstate commerce on vehicles weighing more than 10,000 pounds. Defendant further contends that, if Plaintiff was not properly classified as exempt under the MCE, Plaintiff cannot recover liquidated damages because Defendant is entitled to the good faith defense. These disputes regarding the applicability of the MCE and Defendant's entitlement to the good faith defense require weighing complicated legal and factual issues. For those reasons, the outcome of this litigation is difficult to predict.

Regarding possible damages, Plaintiff alleges he is owed approximately $45,000 in unpaid overtime compensation and liquidated damages under the FLSA. Defendant, meanwhile, asserts that Plaintiff is not entitled to any damages or relief. The Parties substantially briefed their positions earlier in this case when Defendant sought dismissal. And as the Court observed in the Parties' most recent status call, this case involves significant disputed issues of fact and law, and the outcome remains uncertain.

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the significant possibility that he could receive lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Settling at this stage, moreover, allows the Parties to avoid substantial costs and delays. Were a settlement not reached at this stage, the Parties would be forced to engage in costly depositions of the Plaintiff and several high-ranking employees of Defendant, then would brief and argue cross-motions for summary judgment.

The Settlement Agreement, moreover, was negotiated at arms-length over the course of this matter, and is free from fraud or collusion. In short, it reflects a reasonable compromise over the contested issues in this matter.

 **Seyfarth**

**The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable**

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing W*olinsky*, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Notably while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of one-third of the settlement sum –as sought here -- is reasonable and routinely approve such terms in settlement agreements. *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); *McDaniel v. City of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); *see also Euceda v. The Hidden Wharf, Inc.*, Docket No. 19-cv-06564 (CLP), D.E. 38, at *10 (E.D.N.Y. Feb. 28, 2022) the requested fees are approximately one-third of the settlement amount, a percentage typically found reasonable in this Circuit"); *Oxley v. Excellent Home Care Servs., LLC*, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), *report and recommendation adopted*, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs).  For that reason, and upon consideration of the hotly contested nature of this case, Plaintiff's attorneys fees and costs are reasonable.

Plaintiff's counsel, Blau Leonard Law Group, LLC, ("BLLG"), has substantial experience and success representing plaintiffs in wage and hour matters, including individual, collective action and class action matters, in both the state and federal courts.

Here, in connection with the preparation of the Complaint and Amended Complaint, BLLG conducted extensive legal and factual research with respect to the asserted claims and defenses. As part of their factual investigation, BLLG counsel reviewed documents and information that they obtained and conducted lengthy interviews with plaintiff and putative collective/class members.

The parties have engaged in extensive motion practice including a Rule12b6 motion to Dismiss [Doc.No. 31]; Plaintiff's Motion for Certification of a Collective Action [Doc.Nos.12,13], ODFL's Motion for a Stay. [Doc.No.18] and Plaintiff's Motion for Reconsideration of the Order granting a Stay [Doc.No. 19].

Status conferences were conducted before Magistrate Judge Taryn A, Merkel on  01.11.22 and on 01.24.22. An Initial Case Management Conference was held on 10.11.22.

 **Seyfarth**

Hon. Taryn A. Merkl
February 24, 2023
Page 4

The parties engaged in extensive discovery consisting of Interrogatories and Document Exchange of more than 1100 pages.

BLLG has more than the "adequate appreciation of the merits" required in attempting to negotiate the settlement of this litigation. Plaintiffs' counsel has secured and/or has been granted access to a sufficient amount of information to thoroughly understand the factual and legal issues at stake and the necessary terms and conditions required to reach a fair settlement which will serve to eliminate the risks, delay and expenses of continued litigation and provide immediate benefit to Plaintiff.

As evidenced by contemporaneous billing records [available on request]  BLLG expended a total of 108.9 billable hours on this matter, as follows:

   a.    Steven Bennett Blau, (47 years of experience), 92.9 hours at $600 per hour

   b.    Shelly A. Leonard (16 years of experience), 16 hours at 525$ per hour

   TOTAL Attorney's Fee is $ 64,140.00.

Here, BLLG seeks a significantly discounted fees amounting to $20,000. We are willing to waive our case costs and disbursements. For the reasons explained above, these fees and costs should be approved as reasonable.

In light of the foregoing, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

Respectfully submitted this 24th day of February, 2023.


By: _/s/ Steven Bennett Blau (with express permission)_
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 105
Huntington, New York 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

Counsel for Plaintiff

By: _/s/ Cary R. Burke_
Brett C. Bartlett (admitted in New York)
bbartlett@seyfarth.com
Cary R. Burke (pro hac vice)
caburke@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:    (404) 885-1500
Facsimile:     (404) 892-7056

Counsel for Defendant